5374.  COGGESHALL *v.* GEORGIA LAND & INVESTMENT
COMPANY.

The instrument sued on in 'this case as an evidence of indebtedness was a certificate of preferred stock in the corporation sued; and the suit was properly dismissed on demurrer.

DECIDED JUNE 22, 1914.

Complaint; from city court of Atlanta—Judge H. M. Reid. October 16, 1913.

*Green, Tilson & McKinney,* for plaintiff.

*Evins, Spence & Moore,* for defendant.

WADE, J. W. D. Coggeshall brought suit against the Georgia Land & Investment Company, alleging that the defendant was a corporation under the laws of Georgia, originally organized under the name of Barrett Investment Company, and that the Barrett Investment Company, on March 4, 1910, issued to the plaintiff a certificate for what purported to be ten shares of preferred stock in the said company, of the par value of $10 per share; that this certificate was in fact nothing more than an evidence of indebtedness, and provided for the payment of an 8 per cent. dividend on the first day of January of each year; that the certificate provides also that it may be retired on or after December 31, 1912, by 'payment of its face value in full, together with all dividends then due, and that no part of it has ever been paid; that the certificate purports

to be part of an authorized issue of $75,000 of preferred stock, and a large number of similar certificates were issued by the said company, aggregating $30,000, a portion of which the company paid off, both principal and interest or dividend, but the company refused to pay the plaintiff the amount of the certificate issued to him, though it was in the same class and issue as those paid off to others; and that by reason of these facts, the defendant was indebted to him in the sum of $100 principal, with interest thereon at the rate of 8 per cent. per annum from March 4, 1910, besides interest upon interest due upon the certificate on January 1, 1911, January 1, 1912, and January 1, 1913. Attached to the petition was a copy of the certificate, as follows:

Incorporated under the laws of the State of Georgia.

Number 270.  10 shares.

Barrett Investment Company, Atlanta, Ga.

This certifies that W. D. Coggeshall, of Darlington, S. C., is entitled to ten shares of the preferred stock of Barrett Investment Company, par value ten dollars, upon which ten dollars per share has been paid, and is transferable in person or by attorney upon the books of the corporation only upon the surrender and cancellation of this certificate properly indorsed. This certificate of stock is part of an authorized issue of seventy-five thousand dollars of preferred stock, and Barrett Investment Company guarantees the payment of an annual dividend of eight per cent. on this stock, and the entire profits of said corporation are pledged to the payment of said dividend, said dividend, if not paid annually, to become cumulative. Said dividend will be due and payable on the first day of January of each year. This stock may be retired on or after December 31, 1912, by payment in full of the face value thereof, together with all dividends then due.'

In witness whereof, the president and secretary of this corporation have hereunto subscribed their names and caused the corporate seal to be hereto affixed, this fourth day of March, A. D. 1910.

Barrett Investment Company Inc.

(Seal.)

Atlanta, Ga.                    Charlton Barrett, President.

C. C. Williams, Secretary.

Shares $10.00 each.

The defendant demurred on the ground that the petition failed

to set out a cause of action, and showed on its face that the instrument sued upon was a certificate of stock, and the petition did not allege an application to the board of directors of the defendant company for the desired redress before the suit was filed. There were also special grounds of demurrer which the court did not consider, since the general demurrer was sustained, and the petition dismissed. The defendant excepted to the judgment sustaining the general demurrer.

The sole question to be determined in this case is whether the instrument which is the basis of the suit is in fact a mere evidence of indebtedness due the plaintiff by the defendant company, or is what it purports to be by its terms, a preferred-stock certificate. As was said by Justice Lewis in *Cook* v. *Equitable Building & Loan Association*, 104 *Ga.* 829 (30 S. E. 917) : "It matters not what name is given to its obligation, whether stock, note, or bond; the nature of the transaction, whether it be a pure borrowing of money or not, is determined by the real substance and effect of the contract between the parties." This language is quoted with approval by Justice Cobb in the case of *Savannah Real Estate Co.* v. *Silverberg*, 108 *Ga.* 281, 289 (33 S. E. 908, 910). The mere fact that the contract declares that it is a certificate of preferred stock does not determine its character. The term "preferred stock," according to general legal interpretation, is stock which entitles the holder to receive dividends from the earnings of a company before any dividends are paid on the common stock. By a "dividend" is meant money paid out of its profits by a corporation to its stockholders; and a preferred dividend is a dividend paid to one class of stockholders in priority to that to be paid to another class. Preferred stock takes a multiplicity of forms, but usually possesses certain distinctive characteristics. The dividend may be either cumulative or non-cumulative; and unless the contract expressly provides otherwise, preferred stockholders participate in the surplus profits, after the preferred dividend has been declared on the preferred stock, and an equal dividend on the common stock. Generally preferred stockholders are entitled to vote at elections, and to exercise the various rights of common stockholders, unless the right to vote is expressly withheld from them by the terms under which the contract is issued. The variety of forms under which preferred stock may be legally issued are to be found in the charter, the

by-laws, the certificate of stock, resolutions of stockholders and directors, minutes of the corporate meetings, reports of or to the company, and any contract under which the stock was issued. The rights pertaining to such stock are matters of contract, and the contract is to be ascertained from the sources named above. A preferred stockholder is entitled to a certificate which sets forth the fact of the preference, and sometimes the right is given to exchange common stock for preferred, or preferred for common stock, etc. In fact, where the corporation has authority to issue preferred stock, it may attach such conditions, not violative of law or contrary to public policy, as it deems best, and one of such conditions may be that the corporation may retire the stock at par within a certain time. See 1 Cook on Corporations (6th ed.), 731 et seq.

The plaintiff in error relies on the case of *Savannah Real Estate Co.* v. *Silverberg,* supra, as authority to sustain the contention that the document under consideration was an evidence of indebtedness, and not in fact a stock certificate; and there is much in that decision, and in the case of *Cook* v. *Equitable Bldg. & Loan Asso.,* supra, that tends to support this view, but a study of the case of *Savannah Real Estate Co.* v. *Silverberg,* which is more closely in point, will disclose a difference between the certificate there examined and the one now under consideration, which authorized, in our opinion, the ruling of the trial judge. In that case Justice Cobb, in discussing the certificate which was there held to be a mere evidence of indebtedness, said, in substance, that the general appearance of the paper indicated that it was a certificate of stock, but its terms showed that the holder thereof was deprived of one of the important rights of a stockholder in a corporation, that is, the right to vote, though it was true the mere deprivation of this right would not necessarily prevent the holder from being a member of the corporation, if the other terms of the certificate were such as would be consistent with his membership in the corporation. In the certificate now under consideration, its holder is not by its terms denied the right to vote or to participate in the meetings of the corporation; it is silent on this point; and hence, under the general law, he would have that right. Since the record does not disclose the authority under which the certificate was issued, we are forced to rely entirely upon a careful study and comparison of that instrument with the instrument involved in the *Silverberg*

case, supra, for a solution of the question we are determining. Justice Cobb, said, in the *Silverberg* case, that "it seems to be clear from the certificate, though not in express terms so stated, that what is therein called a dividend of eight per cent. is not to be paid absolutely and at all events, but simply in the event the corporation *earns* a sufficient amount to pay each holder of such certificate that amount;" and he declares that "this stipulation rather indicates that the holder would be a member of the company." In the certificate we are now considering the same indication may be found, as the Barrett Investment Company (afterwards Georgia Land and Investment Company) guarantees the payment of an annual dividend of 8 per cent. on this stock, and the entire *profits* of the corporation (and the profits alone) are pledged to the payment of the said dividend, which, if not paid annually, shall become cumulative; the dividend to be due on the first day of January each year. In the *Silverberg* case the certificate contains a provision as follows: "The entire issue of this preferred stock *shall be retired* by the company on January 1st, 1897, at its face value, but the company reserves the right to retire the same or any part thereof at any time after two years from date, by giving three months notice," etc. Justice Cobb, commenting on this stipulation says, that the distinct provision that the amount specified in the certificate *shall* be paid on a given date, and reservation of the right to pay it upon notice to the holder, upon a day earlier than the day fixed in the certificate, indicates "an intention to make a contract under which one party was to receive the money for use in its business and return the same in any event at a designated time and earlier if desired, paying to the person whose money was thus used, as interest thereon, a certain proportion of the earnings made by the borrower in a given enterprise; the amount of interest thus to be paid for the loan of the money depending upon the success of the enterprise in which the borrower was to use the money." It indicates clearly that the relation of borrower and lender arose between the parties under the terms and conditions, or according to the real substance and effect of the contract. As suggested by the learned Justice in the same decision: "The question as to whether the holder of a certificate issued by a corporation is a member of such corporation, or whether the certificate is simply evidence of a debt due by the corporation to the holder, is one that depends upon the peculiar

facts of each case; and if such certificate makes the holder a preferred stockholder in the corporation, the question as to what are his rights against other stockholders depends also upon the facts of each case."

The case sub judice, while it may be analogized to, is readily distinguished from, the *Silverberg* case, supra, on its peculiar facts, and by a consideration of the reasons upon which was based the conclusion that the Silverberg certificate was merely an evidence of indebtedness.  The certificate issued by the Barrett Investment Company, as part of an authorized issue of preferred stock, provides for the payment of an annual dividend of 8 per cent. as aforesaid, which shall become cumulative if not paid annually, but which is due and payable on a definite date in each year, and the profits are pledged for its payment—which is at least an "earmark" or indication of a stock certificate, as in the *Silverberg* case.  It provides that the stock *may be* retired on or after December 31, 1912, but does not declare absolutely that it *shall be* retired on that or any other date; so that the definite pronouncement as to the maturity of the debt, as made in the *Silverberg* case is lacking, and it merely appears that the corporation reserves to itself the right to retire these stock certificates, providing for a preferred annual dividend of 8 per cent., at its option, on or after a date certain, and did not obligate and bind itself absolutely and unequivocally to return to the purchasers of the certificates the amount of their investment, with interest or dividends, as in the case of *Cook* v. *Equitable Building & Loan Association,* supra; or to pay off a debt with interest on a fixed date, as in the *Silverberg* case.  The "circumstance" referred to as aiding the court in determining that the Silverberg certificate was merely an evidence of indebtedness was the fact, mentioned above, that the holder of that certificate was deprived of any and all right to vote at corporate meetings, and this circumstance (though not in itself controlling), together with the stipulation that the entire issue of so-called "preferred stock" *"shall be retired"* on a date fixed and certain, determined the character of the document there considered, and led to the conclusion reached.  It is now clearly settled that a preferred stockholder is not a corporate creditor, though there has been some confusion on the point, and since, under our ruling in this case, the plaintiff was such a stockholder, it follows that he could not

maintain this suit. It does not appear from the petition of the plaintiff whether or not the defendant corporation had creditors other than its stockholders. As was said by Circuit Judge (now Justice) Lurton, in Hamlin v. Toledo, St. L. & K. C. R. Co., 78 Fed. 664 (24 C. C. A. 271, 36 L. R. A. 826): "There is a sense in which every shareholder is a creditor of the corporation to the extent of his contribution to the capital stock. In that sense every corporation includes its capital stock among its liabilities. But that creditor relation is one which exists between the corporation and its shareholders. It is a liability which is postponed to every other liability, and no part of the capital stock can be lawfully returned to the stockholders until all debts are paid or provided for." In Spencer v. Smith, 201 Fed. 647 (120 C. C. A. 75), it was held that the assets of a corporation, represented by its capital stock, are a trust fund for the payment of its debts; and hence stockholders may not legally agree among themselves that this trust fund shall be appropriated by them or some of them as against the claims of creditors.

For aught that appears in the petition of the plaintiff, the defendant corporation has no assets other than its capital stock, and may owe debts equal to or exceeding the amount of such capital stock. Hence, under the ruling in the case of Spencer v. Smith, supra, and as ably argued in the opinion in that case, whatever be the rights of the preferred stockholders as against the common stockholders, no withdrawal from the capital of a corporation can be effected by a preferred shareholder, unless it appear there are no outstanding creditors whose interest might be adversely affected thereby, whatever be the mutual rights between the preferred and the common stock; since such a withdrawal would be manifestly against public policy; and the plaintiff consequently could not maintain this suit as a preferred stockholder.

The contract under consideration, especially in view of the analogy between it and the Silverberg contract, is difficult to classify, but, bearing in mind the distinctions drawn between the *Silverberg* case and this one, and taking into consideration the recent decisions of many courts of last resort which sustain the general proposition that a preferred stockholder is not a corporate creditor, and the reason of public policy which denies to a preferred stockholder any legal preference over the assets of the corporation, as

against the interest of other or outside creditors, we conclude that the so-called stock certificate was in fact what it is denominated, and (that being true) that the trial judge did not err in sustaining the demurrer and dismissing the plaintiff's petition.

*Judgment affirmed. Roan, J., absent.*