### 55279. RANDALL et al. v. CRUCE et al.

BANKE, Judge.

The appellants sued the appellees to collect on a promissory note given to them in partial payment of the purchase price of a tract of land. The sale was made subject to two prior deeds to secure debt, and the note was secured by a third deed to secure debt executed to the appellants by the appellees. Under the terms of this latter security deed, the appellees agreed to assume the indebtedness on the first two security deeds, and the appellants agreed to release 28 acres from the lien of their security upon receipt of the appellee's down payment. This security deed also provided that the appellants would procure the release of the property from the lien of the first two security deeds upon payment on the principal due on the underlying indebtedness at the rate of $1,700 per acre.

After the appellants filed suit on the note, the appellees filed a separate suit against the appellants, alleging that they had been induced to purchase the land by the appellants' oral promise to procure the release of the 28 acres from the liens of the first two security deeds upon request after the closing. Based on the appellants'

failure to perform this alleged promise, they sought (1) rescission of the sale due to failure of consideration; (2) damages for fraud; (3) damages for non-performance; and (4) damages for lost profits from an attempted sale on the property. The two suits were consolidated in the lower court.

This appeal is from an order of the trial court awarding partial summary judgment to the appellees on the issue of liability and reserving judgment on the amount of damages to be awarded. The appellants also enumerate as error the denial of their motion for summary judgment for the amount due on the note.

1. The trial court's order does not cite, nor have we been shown on appeal, any basis for granting summary judgment to the appellees. The appellants have complied with their obligation, as set forth in the security deed, to release 28 acres on receipt of the down payment. Under the express terms of this deed, they are obligated to procure the release of the land from the lien of the other two security deeds only upon receipt of payments on the principal amount of the underlying loan, a contingency which has evidently not occurred.

The closing documents do not reveal any other condition under which the appellants would be liable to procure releases from the first two security deed holders. The appellees' contention that the appellants made such a promise orally at the time of closing cannot be considered in the face of an express, written contractual provision dealing with the matter. See Code § 38-501; *Awtrey v. Awtrey,* 225 Ga. 666 (171 SE2d 126) (1969). Therefore, the appellees have shown no breach of contract.

Similarly, no basis appears in the record to support the appellees' claim of fraud. The parties were represented by attorneys at the closing, and, if the appellees had desired to obligate the appellants to procure the release of the 28 acres from the first two security deed holders, this was a matter which could and should have been incorporated into the closing documents. Accord, *Lawton v. Byck,* 217 Ga. 676 (5) (124 SE2d 369) (1962). Since the promise allegedly made by the appellants was not in writing and, therefore, is not enforceable, it cannot serve as the basis for an action for fraud. See *Adamson v.*

*Maddox,* 111 Ga. App. 533 (3) (142 SE2d 313) (1965); *Turpin v. North Am. Acceptance Corp.,* 119 Ga. App. 212 (1) (166 SE2d 588) (1969).

For the above reasons, the trial court erred in granting partial summary judgment to the appellees.

2. Since this appeal is from the grant of only a partial summary judgment, we are without jurisdiction to consider the appellants' claim that the trial court erred in denying their motion for summary judgment. See *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (2) (229 SE2d 753) (1976); *Stallings v. Chance,* 239 Ga. 567 (238 SE2d 327) (1977); *Heller v. Magaro,* 144 Ga. App. 829 (1978).

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 1, 1978 — DECIDED APRIL 20, 1978 — REHEARING DENIED MAY 9, 1978 — CERT. APPLIED FOR.

*Thomas B. Benham, George A. O'Hanlon, Louis F. McDonald,* for appellants.

*J. C. Rary, Robert P. Hoyt,* for appellees.