## 56709. PISANO et al. v. SECURITY MANAGEMENT COMPANY, INC. et al.

BIRDSONG, Judge.

Michael and Carol Pisano appeal the grant of summary judgment to Davis and Security Management Co. ("Management") of which Davis is the principal stockholder and director.

The determinative issue involves the meaning and effect of a guaranty signed by Davis binding himself individually and Management corporately to pay dividends. The material facts show that Davis was the sole owner of Management, a property management concern. In 1972, Davis sought funds to create a new business for real estate development, under the name of security Properties ("Properties"). As an incentive to potential investors in the new business, Management and Davis signed unilaterally a guaranty to the effect that, should Properties not pay all or more than a part of an arithmetically determined dividend quarterly, Management and Davis would advance to Properties sufficient funds in the form of a loan to Properties to pay the stipulated dividend. The Pisanos invested $50,000, receiving in exchange therefor 8,000 shares of Properties and 8,000 shares of Management. Davis retained controlling interest in Management. Construing the evidence adduced by both parties, it appears that from its creation in 1972 until its bankruptcy in October, 1974, Properties never had sufficient cash flow or profits to pay dividends. In accordance with the guaranty, Management advanced sufficient money to Properties to pay all quarterly dividends to all stockholders of Class C stock (that held by the Pisanos) until Properties was declared bankrupt. No further dividends have been paid since October, 1974. It is the contention of Davis and Management that the guaranty was intended to pay the dividends of Properties only to the extent that Properties could not, but only so long as Properties was obligated to do so. Thus Davis argues that when Properties was declared bankrupt, the primary obligation having been discharged, Davis and Management likewise were discharged from their guarantee. The Pisanos, on the

other hand, argue that the guaranty did not limit itself to a period of time or terminate upon the bankruptcy of Properties, but guaranteed the return of their investment in full. Thus, the Pisanos contend, the viability of Properties was irrelevant to Davis' and Management's obligations under the guaranty.

The Pisanos brought this action against Davis and Management seeking the return of the unpaid dividends amounting to the full amount of their investment. The trial court denied a motion for summary judgment filed by the Pisanos and ultimately granted a motion for summary judgment in behalf of Davis and Management. Appellants enumerate as error seven different predicates utilized by the trial court in granting summary judgment to Davis and Management. *Held:*

We commence our resolution of the issue by accepting as our basic premise that where no dispute of fact is involved, the construction of a plain and definite contract, if needed, is a matter of law for the court; a contract is not ambiguous even though difficult to construe, unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties. *Village Enter. v. Ga. R. Bank &c. Co.,* 117 Ga. App. 773 (1) (161 SE2d 901). There is no construction required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation. *Benefield v. Malone,* 112 Ga. App. 408 (145 SE2d 732).

As we view the dispute, the Pisanos have taken the position that though they purchased shares of stock in a land development corporation, the guaranty given by Davis and Management converted an equity investment in Properties to a loan to Davis and Management through the medium of a stock purchase of Properties' shares. As a loan, they argue they are entitled to a recoupment of their loan pursuant to the guaranty. Davis, antithetically contends that the Pisanos made a risk venture, obtained only an equity interest in a going business and when that business ceased to exist by virtue of bankruptcy, the Pisanos have no different position than any other

equitable owners of common stock and are entitled only to residual assets, if any, after all lawful debts have been paid. See Hamlin v. Toledo, St. L. & K. C. R. Co., 78 F 664. After bankruptcy, Properties could not legally pay dividends to its shareholders, therefore Davis argues that the primary obligation ceased. Of necessity, the secondary obligation to pay dividends also ceased. *Acker v. Corinthian Condo. Corp.*, 145 Ga. App. 288 (243 SE2d 683).

When we examine the pertinent documents, we note that as Class C stockholders, the Pisanos were entitled to vote with all other owners of record of the stock of Properties. Further, we observe that there is no indication that the Class C stock was to be redeemed within a prescribed time. Even when the predetermined dividends had been paid, the stockholders retained the stock. These are indicia of ownership in a risk venture, and not of a loan instrument. *Coggeshall v. Ga. Land &c. Co.*, 14 Ga. App. 637, 642-43 (82 SE 156). As owners, the Pisanos were entitled to dividends on their investment. By a "dividend" is meant money paid out of the profits by a corporation to its stockholders. *Coggeshall v. Ga. Land &c. Co.*, supra, at p. 639. The term "profits" perforce necessitates an ongoing business engaged in business and generating profits. A fortiori, if the business were defunct by virtue of bankruptcy, it could generate no proceeds, there could be no profits, and no dividends would be due. Like the trial court, we can find no indication in the description of the rights and privileges of Class C stockholders, or in the guaranty, that called for more than the payment of dividends. There appears no promise to redeem the stock within a prescribed period and there is no limitation upon the right to exercise rights of ownership. The trial court did not err in refusing to convert the plain language of a contract for the sale of stock accompanied by a guarantee of dividends flowing therefrom into a loan contract simply because the dividends were guaranteed. See *Savannah Real Estate Loan &c. Co. v. Silverberg*, 108 Ga. 281 (33 SE 908) for the situation where a "stock certificate" was in reality a mere evidence of indebtedness. Such is not the case here.

We are satisfied that a stockholder is not a corporate

creditor, and public policy denies to such stockholders any legal preference over the assets of the corporation, as against the interest of other outside creditors. Thus, we conclude that the trial court correctly determined that the holders of Class C stock in Properties, and particularly the appellants, were nothing more than holders of stock, which was not converted by the guaranty into a loan instrument. *Coggeshall v. Ga. Land &c. Co.,* supra, pp. 643, 644. There were no issues of material fact as to the meaning and effect of the guaranty. There was no continuing obligation to pay dividends after bankruptcy because profits cannot be generated from a non-operative business. For these reasons, the trial court properly granted summary judgment to Davis and Security Management Company.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 10, 1978 — DECIDED NOVEMBER 14, 1978 — REHEARING DENIED DECEMBER 20, 1978 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Spearman, Thrasher, Whitely & Costanzo, Daniel I. MacIntyre, James G. Jackson, Herbert S. Waldman, Robert S. Hipple,* for appellants.

*Cotton, Katz, White & Palmer, J. Timothy White, J. Michael Lamberth,* for appellees.