## 58311. CRUCE et al. v. RANDALL et al.

BANKE, Judge.

The appellants purchased a tract of land from the appellees, Randall and Diversi, subject to a security deed securing payment of a promissory note executed as partial payment of the purchase price. The property was also subject to two previous deeds to secure debt held by two previous sellers of the property.

Randall and Diversi subsequently filed suit against the appellants to collect on the note, and the appellants filed a separate suit against Randall and Diversi alleging that the latter had made a fraudulent promise at the closing to obtain partial releases from the holders of the two prior security deeds. The trial court consolidated the two suits for trial and then awarded summary judgment to the appellants on their fraud claim. That judgment, however, was reversed on appeal to this court. *Randall v. Cruce*, 145 Ga. App. 861 (245 SE2d 28) (1978). Upon the return of the case to the trial court, Diversi filed a motion for summary judgment for his share of the note proceeds. Although the note named him as a joint payee with Randall, the two had entered into an agreement

apportioning their respective shares. Based on this agreement, the trial court granted the motion, not only as to Diversi, but to Randall as well, despite the fact that he had not sought summary judgment. *Held:*

1. We find no error in granting summary judgment to Randall under the circumstances of this case, even though he filed no motion. The appellants argue that the procedure deprived them of the 30 days' notice before hearing to which they are entitled under Code Ann. § 81A-156 (c). However, the issues concerning the appellants' liability to Randall under the note are exactly the same as the issues determining their liability to Diversi. Therefore, although to be technically correct the judge should have awaited a motion from Randall before entering summary judgment in his favor, it would have served no practical purpose to have done so under the circumstances. (Randall, of course, has not objected to the procedure but has endorsed it.)

The issue of whether the trial court may grant summary judgment to a non-moving party is one of first impression in this state. However, Rule 56 of the Federal Rules of Civil Procedure, which is almost identical to § 81A-156, has been interpreted to permit such a procedure where, as here, such filing would be a pure formality. See 6 Moore's Federal Practice ¶ 56.12, p. 56-331. "Care should, of course, be taken by the [trial] court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law." Id. at p. 56-334.

2. The appellants allege that a genuine issue of material fact remains as to whether a provision in the sales contract stating, "Existing release clause to remain in effect," survived the closing despite its absence from any of the closing documents. However, even if we assume that this provision did survive the closing, it would not give the appellants a defense to their obligations under the promissory note. It appears without dispute from the record that the appellants in fact obtained the release to which they were entitled under the existing security

deeds. There is no suggestion that any of the release provisions in the prior security deeds were altered. The second enumeration of error is without merit.

3. The trial court did not err in granting summary judgment to the appellees on the appellants' fraud claim. The record contains no more evidence to support the fraud claim at this time than it did the last time the case was appealed, at which time this court held as follows: "Similarly, no basis appears in the record to support the [appellants'] claim of fraud. The parties were represented by attorneys at the closing, and, if the [appellants] had desired to obligate the [appellees] to procure the release of the 28 acres from the first two security deed holders, this was a matter which could and should have been incorporated into the closing documents." *Randall v. Cruce,* 145 Ga. App. 861, supra, at 862.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED OCTOBER 17, 1979 — REHEARING DENIED NOVEMBER 2, 1979 —

*J. C. Rary, Robert Hoyt,* for appellants.
*Thomas B. Benham, Louis F. McDonald, George O'Hanlon, Paul Webb, Jr., J. Ben Shapiro, Jr., Richard Shepherd, Phillip L. Young, John C. Gray,* for appellees.