## 59428. BROWN v. KENNEDY et al.

SHULMAN, Judge.

Third-party plaintiff appeals the grant of third-party defendants-appellees' motion for summary judgment. Finding no material questions of fact at issue, we affirm.

The underlying facts are as follows: Appellant J. R. Brown, and Marvin C. Goldstein (not a party to this appeal), as general partners in a limited partnership, executed a promissory note and deed to secure debt to appellees (joint venturers) for the purchase of certain real property. The note went into default and settlement negotiations ensued. In settlement of the note, Goldstein paid appellees $50,000. Additionally, the real property securing the promissory note was foreclosed upon to satisfy the limited partnership's indebtedness. (Appellees agreed that these transactions effectively settled the debt owed them by the limited partnership of Goldstein and appellant.)

This action arose coincident to Goldstein's bringing suit against Brown for contribution for the sums expended by Goldstein (one-half of the $50,000 paid to appellees, plus costs) in satisfaction of the debts of their limited partnership. Brown (appellant in the case at bar, defendant in the above suit) filed a third-party complaint against appellees based upon their alleged agreement to indemnify Brown for such claim.

The issue on appeal is whether there is any question of fact regarding the existence of an indemnification agreement. As we find that appellees pierced Brown's complaint, affirmatively showing the nonexistence of an indemnification agreement, the court properly granted their motion for summary judgment.

A letter written by the appellant to the attorney for the appellees, which letter, appellant contends, forms the basis of the indemnification agreement, reads in pertinent part as follows: "It is my understanding that by my executing the attached Quit Claim deed as General Partner . . . with respect to the Georgia Power Company easement area, the payment by Dr. Goldstein of $50,000 to your clients, the $5,000 survey of the property that I am giving you, and my commitment to help you regain the property, that you and your clients [appellees] . . . *will hold me free of future claims and liabilities* on the note signed by Dr. Goldstein and myself as General Partners . . . " (Emphasis supplied.)

It is appellant's contention that his letter proposed an offer of settlement on the note in default and that appellees' silence and their retention of the benefits of the agreement (e. g., the easement

and the survey) evince appellees' acceptance of his offer, thus forming a binding and enforceable contract of indemnification between the parties.

Even assuming the validity and enforceability of the above offer and acceptance, such offer, despite appellants' contentions to the contrary, clearly did not contemplate appellees' indemnification of appellant for any claims arising from the note. The plain wording of the letter belies such an interpretation.

The letter recites certain consideration, the acceptance of which would result in appellees' agreement to "hold" appellant "free of any future claim on the note." The fact that appellees may have agreed to refrain from holding or binding appellant to the note does not imply their agreement to indemnify appellant against a suit for contribution resulting from the settlement of the debt. Indeed, such an interpretation would be illogical, for it would result in a reduction of the consideration paid appellees for their forebearance to collect on the note. See *Pisano v. Security Mgt. Co.,* 148 Ga. App. 567, 568 (251 SE2d 798), in regard to this court's interpretation of contracts.

Moreover, the letter clearly refers to claims on the note itself (contemplating a suit for collection of the note) and not claims arising out of the note (such as a suit for contribution).

Since we find that the purported letter of contract clearly, plainly and unambiguously does not give rise to the interpretation posed by appellant, and since such letter was the sole basis upon which appellant's allegations of an indemnification agreement rested, the trial court properly granted appellees' motion for summary judgment.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED FEBRUARY 13, 1980 — DECIDED MARCH 19, 1980.

*James W. Penland,* for appellant.
*Ralph H. Griel, Charles Ratz, Mark S. Kaufman,* for appellees.