### 63380. HORTMAN v. CHILDRESS.

POPE, Judge.

Appellee brought this action against appellant (appellee's ex-husband) seeking a declaration of her right to alienate her one-half undivided interest in certain described property. The subject property was farmland owned jointly by the parties during their marriage. Pursuant to Paragraph 1 of a settlement agreement incorporated into and made a part of the divorce decree, appellant had the right to enjoy the use and income from the farm property so long as he maintained the property and paid the taxes. In the event the farm property was sold, the net proceeds were to be equally divided between the parties. The trial court found this part of the agreement "void for ambiguity" and declared that appellee had full right and legal authority to alienate her one-half undivided interest in the subject property "without restrictions or limitations."

Where the parties in a divorce action enter into a settlement agreement which is subsequently incorporated into a divorce decree, the meaning and effect thereof should be determined in accordance with the usual rules for the construction of contracts — the cardinal rule being to ascertain the intention of the parties. *Brown v. Farkas,* 195 Ga. 653 (2) (25 SE2d 411) (1943). "The construction of a contract is a question of law for the court." Code Ann. § 20-701. "Contracts, even when ambiguous, are to be construed by the court and no jury question is presented unless after application of applicable rules of construction the ambiguity remains." *Chalkley v. Ward,* 119 Ga. App. 227, 228 (166 SE2d 748) (1969).

Paragraph 1 of the settlement agreement provides: "The farm property jointly owned by the parties shall remain as is, with the right being vested in [appellant] to enjoy the use and income therefrom, so long as he assumes full responsibility for all maintenance costs and payment of taxes. It being understood and agreed, however, that in

the event said farm property is sold the net proceeds from such sale shall be equally divided between the parties." We agree with the trial court that the foregoing language is ambiguous, for it is unclear what effect, if any, appellant's right to use the property has upon appellee's interest in the property. Accordingly, we will apply the rules of construction to determine the intent of the parties.

The fact is not disputed that both appellant and appellee own a one-half undivided interest in the farm property. However, appellant contends that appellee's interest in the property is burdened by his right to use the property as set forth in the settlement agreement. Appellant cites *Rathkamp v. Rathkamp,* 136 Ga. App. 423 (221 SE2d 221) (1975), in support of his contention. In *Rathkamp* this court found that both parties owned an undivided one-half interest in certain property; that pursuant to an alimony settlement agreement they could have elected to sell the property; "nevertheless, until said election to sell is made by the wife, or until she remarries, or until she voluntarily removes herself from the property, 'whichever event first occurs,' the husband's share of said property is burdened with the provisions above recited in the decree of alimony." Id. at 423-424. We concluded that the husband had contractually surrendered his right to partition the property by burdening his undivided interest therein pursuant to the settlement agreement.

While there are certain similarities between the *Rathkamp* case and the case at bar, there is an important distinction. In *Rathkamp* the husband's interest in the property was clearly burdened by the settlement agreement. In the case at bar the settlement agreement is not clear as to whether the parties intended to burden appellee's interest in the farm property. Paragraph 1 begins: "The farm property jointly owned by the parties shall remain *as is.* . ." This language is followed by that which vests in appellant the right to the use and income from the property, provided certain conditions are met. This "right" is of unspecified duration. The language of Paragraph 1 is unclear because the farm property could not both "remain as is" and also become burdened by a theretofore nonexistent "right" of use. That is, appellee's interest in the farm property can not be both without restrictions and also burdened therewith.

Appellant would have this court interpret Paragraph 1 of the settlement agreement as imposing a burden upon appellee's interest in the farm property such as would severely restrict her ability to market that interest, viz., by holding that any sale or transfer of appellee's interest would be burdened to the extent of appellant's right to use the property as set forth in the settlement agreement. See Pindar, Ga. Real Est. Law § 7-172 (2d ed.). However, we are guided in our interpretation of Paragraph 1 by the rule that estates and grants

by implication are not favored. Code Ann. § 20-704 (8). As a corollary of that rule, limitations or restrictions on property by implication are not favored and must be strictly construed. *Thompson v. Glenwood Community Club,* 191 Ga. 196 (1) (12 SE2d 623) (1940). Furthermore, any condition is invalid which attempts to restrain the power to alienate legal title to the fee of land. *Freeman v. Phillips,* 113 Ga. 589 (38 SE 943) (1901). Even a condition which necessarily inhibits the sale of property without expressly so doing is no less objectionable than an outright prohibition. Ga. Real Est. Law § 7-160 (2d ed.).

Another rule of construction is to consider the background of the contract and the circumstances under which it was entered into, particularly the purpose for the particular language to be construed. *Johnson v. U. S. Fidelity &c. Co.,* 93 Ga. App. 336, 341 (91 SE2d 779) (1956). The settlement agreement in the case at bar is clearly an agreement to divide the property of the marriage. The evident purpose of Paragraph 1 was to reaffirm each party's undivided interest in the farm property. It also provided that appellant, rather than appellee, would enjoy the use and income therefrom. However, there is no language manifest in Paragraph 1 which compels the conclusion that the parties intended to place any kind of burden on appellee's interest in the farm property. If such a burden had been intended by the parties, more apt and definitive language would have undoubtedly been utilized. Cf. *Alley v. Great Am. Ins. Co.,* 160 Ga. App. 597 (287 SE2d 613) (1981). Therefore, the trial court did not err in voiding Paragraph 1 of the settlement agreement and declaring that appellee has an "unburdened" interest in the farm property. *Alderman v. Crenshaw,* 84 Ga. App. 344 (1) (66 SE2d 265) (1951).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 10, 1982.

*Charles J. Liipfert,* for appellant.
*Thomas C. Garwood,* for appellee.