68989. RICKETSON v. METTS.
(327 SE2d 570)

CARLEY, Judge.

Appellant and appellee were formerly husband and wife. Appellee filed her original complaint, seeking statutory partition of property in which she alleged an undivided one-half interest under a warranty deed. Appellant answered, asserting that under the parties' settlement agreement incorporated into their divorce decree, appellee's interest in the property was "burdened" by his right to posses-

sion. See *Rathkamp v. Rathkamp*, 136 Ga. App. 423 (221 SE2d 221) (1975). Appellee then amended her complaint to seek a declaration that certain portions of the settlement agreement were void and that she had an "unburdened" interest in the property. See *Hortman v. Childress*, 162 Ga. App. 536 (292 SE2d 200) (1982).

The case was set for trial and a jury was empaneled. However, before the trial commenced, the trial court entertained what was, in effect, appellee's oral motion for judgment on the pleadings. See OCGA §§ 9-11-7 (b) (1); 9-11-12 (c). A hearing was conducted, wherein the trial court considered only the warranty deed and the settlement agreement, which documents were part of the pleadings, and the parties' respective contentions regarding the effect those documents had on appellee's right to seek partition of the property. After the hearing, the trial court held that, as a matter of law, appellee's interest in the property was not "burdened" by the right of use that appellant contended was created by the settlement agreement. *Hortman v. Childress*, supra. Accordingly, the trial court ordered partition. Appellant appeals.

In relevant part, the settlement agreement in the instant case provides: "The fee simple title to the . . . property now vests in the parties hereto subject only to purchase money deed to secure debt . . . . As between the parties hereto, [appellant] shall have possession of the property above described and [appellant] acknowledges and agrees that he shall pay and be responsible for any and all future payments accruing on all debts secured by the fee simple title to the . . . property. . . . In addition, [appellant] shall be responsible for and pay all ad valorem taxes and special assessments on the property . . . and shall pay for and maintain hazard insurance on the house situate[d] on said property in a sum comparable to the fair market value of said property." It is clear that this language is analogous to that construed in *Hortman v. Childress*, supra, which language was distinguished from that appearing in the agreement construed in *Rathkamp v. Rathkamp*, supra. The instant agreement provides that the parties' fee simple title is subject *only* to the deed to secure debt and also that appellant's possession is of unspecified duration. Fee simple title cannot be subject *only* to the deed to secure debt and also be subject to appellant's right to use the property. Thus, "[t]he settlement agreement in the case at bar is clearly an agreement to divide the property of the marriage. The evident purpose of [the agreement] was to reaffirm each party's undivided interest in the [subject] property. It also provided that appellant, rather than appellee, would enjoy the use . . . [thereof]. However, there is no language manifest in [the agreement] which compels the conclusion that the parties intended to place any kind of burden on appellee's interest in the [subject] property. If such a burden had been intended by the parties,

more apt and definitive language would have undoubtedly been utilized. [Cit.]" *Hortman v. Childress*, supra at 538.

Appellant attempts to avoid this result by asserting that parol evidence is admissible to explain the "ambiguous" language of the parties' agreement. "[A] contract is not ambiguous . . ., unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties. [Cit.]" *Pisano v. Security Mgt. Co.*, 148 Ga. App. 567, 568 (251 SE2d 798) (1978). After the rules of construction are applied to the instant agreement, no ambiguity as to the parties' intent remains. *Hortman v. Childress*, supra. Accordingly, parol evidence would not be admissible to show a contrary intent. See *Early v. Kent*, 215 Ga. 49 (1) (108 SE2d 708) (1959).

Appellant also asserts that he should be allowed to prove an oral agreement between the parties, whereby appellant was to have possession of the property until the parties' minor son reached the age of majority. This alleged oral agreement is inconsistent with the written agreement, under which, as discussed above, appellee's interest in the property would not be subject to any burden whatsoever. The written evidence of appellee's interest in the property controls over the inconsistent alleged oral agreement. See *Lee v. White*, 249 Ga. 99 (286 SE2d 723) (1982). Appellant's contention that appellee "made such a promise orally . . . cannot be considered in the face of an express, written contractual provision dealing with the matter. [Cits.]" *Randall v. Cruce*, 145 Ga. App. 861, 862 (245 SE2d 28) (1978). The written agreement purports to establish the parties' respective interests in the property, and the interests so established cannot be changed by a parol agreement. *Ver Nooy v. Pitner*, 17 Ga. App. 229 (2) (86 SE 456) (1915).

It follows that the trial court did not err in granting appellee judgment on the pleadings as to the issue of her unburdened and undivided one-half interest in the property. Accordingly, the trial court correctly ordered partition.

*Judgment affirmed. Banke, C. J., Deen, P. J., McMurray, P. J., Birdsong, P. J., Sognier, Pope and Benham, JJ., concur. Beasley, J., dissents.*

DECIDED MARCH 1, 1985.

*J. Laddie Boatright*, for appellant.
*C. Jerome Adams*, for appellee.

BEASLEY, Judge, dissenting.
It is true that a common owner may petition a court for a parti-

tioning (OCGA § 44-6-160). It is also true that the parties to this lawsuit are the fee simple owners in common of the subject property by virtue of their written agreement, which became incorporated into the judgment of divorce and is enforceable by contempt proceedings.

It appears, from a reading of the contract, that the parties agreed not to partition the property immediately. Instead, the husband was to have possession and pay "all debts" secured by the property as of the date of the agreement, all taxes and assessments, and hazard insurance premiums. As indicated in the contract paragraph declaring fee simple ownership, there was only the purchase money loan. The husband contends that he has made all of these payments and that, pursuant to the terms of the supplemental oral agreement concerning the terms under which he would have possession, he is still entitled to it. The wife wants the property sold by partitioning.

The contract provides no period of time or happening under which the husband's right of possession is to cease other than nonpayment of the described expenses. Does that by operation of law give the wife the right to seek partition of the property the day after the agreement drawn by her attorney was signed? If not, how is she entitled to partition now? What event has transpired or time period expired which prevents the husband's continued possession? The contract is silent as to this feature.

Unlike the cases cited by the Court, there is a missing crucial term in this contract as written, and that is the duration of the agreed-upon possession. It is obvious on the face of the contract that the parties intended *some* amount of possession. Did they intend that the husband have the right to possession so long as he lived, assuming he made the payments called for? Or until the loan was paid, since thereafter he could not make payments on debts secured by the property? By applying the rules of construction to this contract, the period or event intended by the parties cannot be ascertained and may be subject to proof by parol evidence. Were we to say that possession was to remain so long as the wife did not wish to partition, we would be supplying the missing ingredient for the parties. This is the effect of the Court's decision. But the cardinal rule of construction is to ascertain the intention of the parties. *Brown v. Farkas*, 195 Ga. 653 (2) (25 SE2d 411) (1943), cited in *Hortman v. Childress*, 162 Ga. App. 536 (292 SE2d 200) (1982).

When both those paragraphs of the settlement contract which relate to the home are read together, there is an ambiguity in the sense that the parties did not write out how long they intended this possession to be for. Upon an application of the rules of construction of contracts, the ambiguity remains, so it becomes a question for the fact-finder. *Chalkley v. Ward*, 119 Ga. App. 227, 228 (166 SE2d 748) (1969). That may be supplied by parol evidence. OCGA § 24-6-2.

If I understand the Court's opinion, the question of parol evidence would actually be irrelevant. That is, even if the agreement provided in writing that the husband would have possession until the child reached majority (and the husband performed his payment obligations), such a provision would be void and of no effect because it burdened the fee simple undivided interest of the wife which was subject "only" to the mortgage. Thus the provision regarding possession is superfluous, despite the fact that, if the husband's contentions are proved, he has performed all his obligations in connection with possession and the wife has not complained about it for six years. The court holds that he had no right to possession to begin with. This would be contrary to the ruling in *Rathkamp v. Rathkamp*, 136 Ga. App. 423 (221 SE2d 221) (1975), which did recognize that a tenancy in common with a one-half equal undivided interest could be burdened with a determinable right of possession. Moreover, it strikes a provision of the contract without attempting to give meaning to it. All parts of the contract are to be given significance to what is contained in the written document signed by the parties, *Redman Dev. Corp. v. Piedmont Heating &c., Inc.*, 128 Ga. App. 447 (1) (197 SE2d 167) (1973), and the contract must be construed most strongly against the maker, here the wife, *Hill v. John P. King Mfg. Co.*, 79 Ga. 105 (4) (3 SE 445) (1887). The evident purpose of the agreement was to give the husband possession for some period of time. Was it to be at the will of the wife, as in effect the Court holds? That may be, but that construction is not demanded by the documents. The absence in the writing of the intent of the parties on this aspect of the agreement might be supplied if parol proof was presented.

I do not read the word "only" in the first paragraph to render the second paragraph's provision regarding possession as void. It seems to relate instead to the monetary encumbrances on the property and to make clear that when the husband agreed to make the payments on "all debts" secured by the property "outstanding on August 7, 1979," the parties believed and understood that the only such financial debt was the purchase money loan evidenced by the deed to secure debt.

In *Hortman v. Childress*, supra, the court found two *conflicting* provisions in the agreement, one stating "the property jointly owned[1] by the parties shall remain as is" and one imposing a restriction. The court gave great weight to the "as is" language and opted for the construction favoring no restriction, based in part upon an application of rules against restraints on alienation. In the current case, however, the two provisions are not necessarily conflicting. In addition, the

---

[1] If it was a joint estate, that is another distinction between *Hortman* and this case. Here, according to the warranty deed, there is a tenancy in common. See Pindar, Ga. Real Estate Law, § 7-81, regarding joint estates.

law's disfavor towards restraints on alienation relates more to conditions in deeds and wills, which are unilateral attempts to restrain the power of alienating the legal title to the fee of land. See Pindar, Ga. Real Estate Law, § 7-158. Here we have an agreement between both parties who own the property in common by virtue of the deed conveying it to them when they were husband and wife. See Pindar, Ga. Real Estate Law, § 7-80. Although their shares are prima facie equal, the contrary may be shown, and the proportion of interest may be varied by an agreement between the two. See Pindar, Ga. Real Estate Law, § 7-82. We are not here concerned with an attempt to restrain alienation by a grantor or devisor of real property, but rather with an agreement by two tenants in common whose cohabitation of the property and whose marital relationship has ended and who desired by the agreement to make their intentions known regarding the eventual disposition of the property, as it related to each of them. The wife agreed to relinquish part of her interest in the property, that is, the right of possession, in consideration of the husband paying the bills. She acknowledged the restriction by allowing the husband to remain in possession and make all the payments called for in the agreement for six years, thus receiving the benefit of the provision. The court in the divorce action approved the agreement and thus gave it the sanctity of a court order enforceable by contempt.

I would hold that the property may, in fact, still be burdened by the agreement regarding possession, under the terms as set out in the agreement and under evidence as to expiration date. If the parties did agree what the term or condition of possession was, the proof of it will control whether plaintiff is currently entitled to possession. If they did not, of course the husband would not be entitled to prevent partition when desired by the wife because the contract would have been incomplete.

If it is proved that there was an agreement regarding time or condition, then the situation will be like that in *Rathkamp v. Rathkamp,* supra, where the court concluded that one party had contractually surrendered his right to partition the property by burdening his undivided interest therein pursuant to a divorce settlement agreement. Here there is not an implied limitation or restriction on property, which as pointed out in *Hortman* is disfavored. The restriction itself is clear but the drafter of the writing which evidences the agreement did not spell out its ending point. If what is absent from the writing can be supplied by other communications between the parties, their intendment should be given effect.

What remains for resolution by the factfinder is whether or not the wife's interest was burdened by the settlement agreement. If they

agreed on determinable possession, it was; if they did not, it was not.