71329. PERRETT et al. v. DOLLARD et al.
(338 SE2d 56)

BANKE, Chief Judge.

This is an action for fraud and breach of contract arising from the appellees' sale of an allegedly defective house to the appellants. The trial court granted summary judgment to the appellees based on its determination that there was no evidence of actionable fraud and that a recovery in contract was precluded by an "as is" clause contained in the contract.

It appears without dispute from the record that the appellees had advertised the house prior to its completion at a sale price of $150,000. After some negotiation through a real estate agent, the parties agreed on a sale price of $105,000, with the following written stipulation: "Purchaser agrees that the price offered for the property is 'as is.' Seller needs to do no further work on said property, either upstairs or down. Purchaser has inspected the property and knows

the upstairs is not finished, as well as part of the lower floor." *Held*:

1. The language of the contract clearly specified that the house was sold 'as is' and was effective to exclude any implied warranties. Accord *Joseph Charles Parrish, Inc. v. Hill*, 173 Ga. App. 97 (2) (325 SE2d 595) (1984). We reject the appellants' contention that a fact question as to the intention of the parties in this regard was created by an affidavit from the real estate agent involved in the negotiations, to the effect that "the term 'as is' as used in the contract, was, to his understanding and belief, to apply only to that unfinished portion of the house, and not to the house as a whole." Although parol evidence is admissible to explain ambiguous language in a contract, it is not admissible to create an ambiguity where none exists. Thus, even assuming *arguendo* that the understanding of the real estate agent as to the intention of the parties might otherwise have any probative value on that issue, it could not be used to contradict or vary the clear language of the contract. See generally *Andrews v. Skinner*, 158 Ga. App. 229 (279 SE2d 523) (1981); *Ricketson v. Metts*, 173 Ga. App. 606 (327 SE2d 570) (1985).

2. We agree, however, with the appellants' contention that material issues of fact remain with regard to the fraud claim, based on the "passive concealment" exception to the rule of caveat emptor, as set forth in *Wilhite v. Mays*, 239 Ga. 31 (235 SE2d 532) (1977), affirming 140 Ga. App. 816 (3) (232 SE2d 141) (1976). See also *Worthey v. Holmes*, 249 Ga. 104 (2) (287 SE2d 9) (1982). "That exception places upon the seller a duty to disclose in situations where he or she has special knowledge not apparent to the buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to the buyer and would probably affect [his] decision." *Wilhite v. Mays*, supra, 140 Ga. App. at 818. See also *PBR Enterprises v. Perren*, 243 Ga. 280 (4) (253 SE2d 765) (1979); *Worthey v. Holmes*, supra.

The appellants alleged in their complaint that the house was defectively constructed in its roof, ceiling, flooring, plumbing, wiring, and sheetrock installation; and it is clear that these allegations had reference to the finished as well as the unfinished portions of the structure. The appellees have not pierced the allegations of the pleadings in this respect. Furthermore, the appellees' contention to the contrary notwithstanding, there is evidence in the record to establish that at least one of the appellees, Michael Dollard, was a builder-seller who could be charged with special knowledge of the alleged defects pursuant to *Wilhite v. Mays*, supra, and *Worthey v. Holmes*, supra, it having been acknowledged by the appellees in their answers to certain interrogatories that Dollard developed the architectural drawings for the house, applied for the building permit to construct it, and "orally subcontracted out" the various construction jobs for

foundations, heating, roofing, wallboard, etc.

3. The appellants' remaining enumeration of error is rendered moot by the foregoing.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1985.

*Paula K. Taylor*, for appellants.
*Alfred N. Corriere*, for appellees.