302 Ga. 451
FINAL COPY

S17A1135. HOWARD v. HOWARD.

BLACKWELL, Justice.

This case arises out of a divorce settlement agreement between Anita Howard ("Wife") and Benjamin Howard ("Husband").[1] After the final divorce decree was issued on April 28, 2016, Wife filed a petition for contempt against Husband, alleging that he failed to comply with the terms of the settlement agreement that was incorporated into the decree. The trial court denied the petition, and we granted Wife's application for discretionary review. The issue on appeal is whether the trial court erred when it ruled that Husband was not in contempt for failing to ensure that Wife was designated as the survivor beneficiary of his pension plan. For the reasons stated below, we affirm.

---

[1] We note that the Court of Appeals, rather than this Court, has subject matter jurisdiction over "[a]ll divorce and alimony cases" in which a notice of appeal or application to appeal is filed on or after January 1, 2017. Appellate Jurisdiction Reform Act of 2016, Ga. L. 2016, p. 883, §§ 3-1 (codified at OCGA § 15-3-3.1 (a) (5)), 6-1 (c); Merrill v. Lee, 301 Ga. 34, 36 (1) n.1 (799 SE2d 169) (2017). Because Wife filed her application to appeal before January 1, 2017, we have jurisdiction over this case.

1. The parties had been married for nearly forty years when, on December 19, 2014, Wife filed a petition for divorce on grounds of adultery with no hope of reconciliation. Husband was a dentist, and he had earned a military pension while working at the Bureau of Prisons as a commissioned officer of the U. S. Public Health Service. He began receiving his military pension payments after retiring in 2004. These payments included a sizeable deduction for the survivor benefit premium, which entitled Wife to continue receiving pension payments if Husband predeceased her. At the time of divorce, the parties had no minor children, but their oldest son is autistic, and, despite being in his thirties, he has the cognitive abilities of a seven-year-old. Wife has been the primary caretaker of their son and has not worked outside the home for approximately thirty years. The parties mediated and eventually signed a "Partial Settlement Agreement" on April 26, 2016 (hereinafter the "settlement agreement"), which was incorporated into the April 28, 2016 final judgment and decree of divorce.

In the settlement agreement, the parties agreed to share equally in Husband's military pension plan, as follows:

> The parties agree that Husband currently receives a monthly retirement benefit with the military ("Military Pension"). Beginning May 1, 2015 and being due and payable on the first day of each

consecutive month thereafter pursuant to direct deposit, Wife shall receive 50% (one-half) of the total monthly benefits paid out for the duration of the plan.

Husband was also required to "inform the Military Pension plan of Wife's interest in said plan" and timely complete all paperwork to ensure Wife's receipt of her monthly share. The settlement agreement provided that the pension plan payments "shall not be taxable alimony but shall be equitable division of property." The settlement agreement did not expressly mention the survivor benefit.

Throughout the divorce proceedings, and for months after the final divorce decree was issued, the survivor benefit premium continued to be deducted from the pension plan. In October 2016, Wife filed a petition for contempt against Husband, alleging, among other things, that Husband had not completed the paperwork necessary to continue her designation as the survivor beneficiary under the pension plan. Wife also argued that the survivor benefit was part of the "total monthly benefits" of the pension plan to which she was entitled. Husband filed a counterclaim for contempt on various grounds. At a hearing on October 24, 2016, Wife asked the trial court to at least clarify that the "total monthly benefits" included the survivor benefit. After the hearing, the trial

3

court issued an order denying the claims of each party. With regard to the survivor benefit, the trial court stated simply: "On the question of whether [Husband] is required by the parties' settlement agreement to complete the necessary paperwork making [Wife] the beneficiary of [Husband]'s military's survivor benefit plan, the parties' settlement agreement is entirely silent on this. The Motion [for contempt] is therefore DENIED." This appeal followed.

2. To begin, we understand the trial court to have meant by its ruling that the settlement agreement did not expressly and unambiguously include the survivor benefit as part of the "total monthly benefits," thereby precluding a finding of contempt. So understood, the trial court was correct. The plain language of the settlement agreement references the military "retirement benefit" that Husband "currently receives" and requires Husband to pay Wife "50% (one-half) of the total monthly benefits paid out for the duration of the plan." On one hand, the survivor benefit is clearly a "benefit" of the pension plan, as it provides insurance against the death of the pension recipient. See Black's Law Dictionary (10th ed. 2014) (defining "benefit" as "[t]he advantage or privilege something gives; the helpful or useful effect something has"). On the other hand, the survivor benefit is not an intrinsic part of the pension plan,

but is contingent on the plan recipient paying a monthly premium that is automatically deducted from the pension payments. The survivor benefit will be "paid out," if at all, only upon Husband's death, and the "duration of the plan" thus depends on whether the premium is paid and whether Husband predeceases the beneficiary. In this light, the plain language of the settlement agreement is ambiguous as to whether it entitles Wife to a share in the survivor benefit in addition to the pension payments.

Because the settlement agreement was facially ambiguous on the survivor benefit issue, Husband could not be held in contempt for his failure to ensure Wife's receipt of this benefit. See Coppedge v. Coppedge, 298 Ga. 494, 498 (1) (783 SE2d 94) (2016) (a trial court may not hold a party in contempt for violating a provision that is deemed ambiguous); Farris v. Farris, 285 Ga. 331, 333 (1) (676 SE2d 212) (2009) ("Before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him, and the command must therefore be express rather than implied." (citation omitted)). Thus, we discern no error in the trial court's denial of Wife's contempt motion on this ground.

3. Although we affirm the trial court's ruling on contempt, Wife is not

completely without recourse. The trial court's order does not appear to address, either expressly or implicitly, Wife's verbal request for clarification that she made during the contempt hearing. The trial court had before it only a written motion for contempt, and its finding on the settlement agreement's facial ambiguity, as discussed above, was sufficient to decide this motion. The ultimate question of whether Wife is entitled to survivor benefits has not been settled, and Wife still might move the trial court to resolve this ambiguity.[2]

Judgment affirmed. All the Justices concur.

---

[2] Resolution of this ambiguity would require the trial court to apply well-settled rules of contract construction. See Hall v. Day, 273 Ga. 838, 839-840 (1) (546 SE2d 469) (2001) ("A settlement agreement incorporated into a divorce decree is construed according to the same rules that govern contractual interpretation in general, with the cardinal rule being to ascertain the intention of the parties."). Because the settlement agreement is facially ambiguous, the trial court may look to outside circumstances to determine the parties' intent. See OCGA § 13-2-2 (1); Hortman v. Childress, 162 Ga. App. 536, 537 (292 SE2d 200) (1982). And the record here contains at least some evidence to suggest that the parties did intend the "total monthly benefits" to include the survivor benefit. For example, the survivor benefit had been part of the pension plan since Husband's retirement in 2004, and this benefit was included in the plan at the time the parties executed the settlement agreement. Moreover, after the parties first agreed to split the pension payments during mediation, Husband started paying Wife 50% of the pension payments, and in splitting those payments, he only considered the net sum received — after the deduction of the survivor benefit premium — which meant that Wife essentially paid 50% of the premium. This arrangement continued even after the divorce was finalized, and it was still in place as of the date of the October 2016 hearing. See City of Baldwin v. Woodard & Curran, Inc., 293 Ga. 19, 31 (3) (743 SE2d 381) (2013) ("The construction placed upon a contract by the parties thereto, as shown by their acts and conduct, is entitled to much weight and may be conclusive upon them." (citation and punctuation omitted)). Other factors, including the parties' roles during marriage and their financial circumstances, may also bear upon this question. But we leave these matters to the trial court to decide in the first instance.

Decided October 30, 2017.

Domestic relations. Fulton Superior Court. Before Judge Markle.

Smith & Lake, Dawn R. Smith, for appellant.

Benjamin F. Howard, pro se.