## RHODES *v.* LANE.

No. 15912.   September 5, 1947.

*J. Neely Peacock,* for plaintiff in error.   *S. B. Lippitt,* contra.

Duckworth, Presiding Justice.   (After stating the foregoing facts.)   The language in the contract under consideration is clear and unambiguous.   Under it the petitioner agreed that he would

not sell or otherwise dispose of his half interest in the property without first giving the defendant the opportunity to purchase that interest at a price not in excess of the original investment of the petitioner. The language is certainly broad enough to include a disposition of the property by partition proceedings, but it does not bar partition in all events. If, after an opportunity to purchase the interest of the petitioner under the terms of the contract, the defendant Rhodes should refuse to avail himself of this privilege, the right to partition the property would then arise. It is generally held that a party will not be decreed partition if it would be contrary to his own agreement. Freeman, Cotenancy and Partition, 2nd ed., § 442; 2 Tiffany, Real Property, 3rd ed., § 474; 40 Am. Jur. 7, § 5; Annotations, 132 A. L. R. 672. Since the petition fails to allege that the defendant was given an opportunity to purchase the one-half interest of the petitioner in accordance with the written contract, no right to a partition of the property was shown, and the trial court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*