PUGH *et al.* v. MOORE *et al.*

454

No. 17284. November 14, 1950.

*A. G. Liles, J. Ray Merritt,* and *Wheeler, Robinson & Thurmond,* for plaintiffs in error.

*McKenzie & Kaler,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) 1. The defendants demurred on the ground that the petition discloses no right on the part of the petitioner to appear for or act in behalf of Varo, who under the allegations of the petition was not in any way incapacitated or incapable of acting for himself.

In *Horn* v. *Towson,* 163 *Ga.* 37 (135 S. E. 487), this court said: "Every tenant in common has the right to possess the joint property; and if he does not receive more than his share of the rents and profits thereof, he is not liable to his cotenant. . . [Code, §§ 85-1003, 85-1004]. Certainly the defendant would not be liable to the cotenant of the plaintiff for profits received by the plaintiff from the joint property in excess of his share. Proof by the plaintiff that he and his cotenant had title to the land from which this timber was cut, superior to that asserted by the defendant, would defeat the claim of the defendant to the timber; and if it appeared . . that the plaintiff is receiving from the joint property more than his share of the profits, that was not a matter which concerned the defendant. In such a case the plaintiff could be held liable to account to his cotenant for the excess of such rents and profits received by him; but such fact would in no way entitle the defendant to the grant of a new trial in this case." See also Code, §§ 3-111, 33-103; *Camp* v. *Garbutt Lumber Co.,* 129 *Ga.* 411 (2) (58 S. E. 870). Accordingly, the present petition was not subject to demurrer because it failed to disclose a right of the petitioner to appear or act in behalf of his cotenant.

The descriptive language in the petition, designating the property in question as being in lot 371 in Gwinnett County, said tract being known as the Thomas Pugh Old Homeplace, was sufficient to furnish a key whereby the land could be identified by the aid of extrinsic evidence; and therefore the petition was not subject to demurrer on the ground that it failed to describe any land with sufficient particulars to enable the court to pro-

nounce judgment on the petition as prepared. *Huntress* v. *Portwood,* 116 *Ga.* 351 (3) 356 (42 S. E. 513) ; *Clark* v. *Cagle,* 141 *Ga.* 703 (2) (82 S. E. 21) ; *Blumberg* v. *Nathan,* 190 *Ga.* 64 (8 S. E. 2d, 374) ; *Lively* v. *Munday,* 201 *Ga.* 409 (2) (40 S. E. 2d, 62) ; *Gainesville Midland Railroad Co.* v. *Tyner,* 204 *Ga.* 535 (2) (50 S. E. 2d, 108) ; *Faulkner* v. *McKelvey,* 207 *Ga.* 354 (61 S. E. 2d, 478).

The present suit was brought to recover damages for timber alleged to have been cut by the defendants, and to obtain an injunction to prevent the future cutting of timber. It was alleged that the petitioner and his cotenant were the owners of the land, and that, unless a court of equity intervenes, a multiplicity of suits and circuity of actions will result. In these .circumstances, the petition was not subject to demurrer on the ground that there was no abstract of title attached to or made a part of the petition. *Shaw* v. *Henderson Lumber Co.,* 141 *Ga.* 47 (1) (80 S. E. 322).

The petitioner did not rely on prescriptive title, and it follows that the petition was not subject to demurrer on the ground that it failed to show (a) prescriptive title by twenty years' possession; (b) prescriptive title by seven years' possession; (c) any act of possession sufficient in law to constitute adverse possession as against the defendants.

For a similar reason, the allegation that the petitioner, since purchasing the property, has "held himself out to the world as a joint owner of said property and has held quiet and peaceful possession until on or about April 12, 1950, when defendants committed the acts complained of," was not subject to demurrer on the ground that the allegation was a conclusion and failed to disclose any act which in law would amount to an adverse holding of possession.

The trial court sustained stated grounds of special demurrer, unless met by sufficient amendment before the trial.

It is insisted in the bill of exceptions that these grounds of demurrer should have been sustained unconditionally; and that, if the court desired to extend an opportunity to amend, the proper ruling would have been to have sustained the grounds of demurrer and to have given the petitioner a reasonable time within which to amend.

"A trial judge may, in an order sustaining a demurrer, provide that the plaintiff have an opportunity to amend his petition so as to meet the grounds of demurrer." *Olds Motor Works v. Olds Oakland Co.,* 140 *Ga.* 400 (1a) (78 S. S. 902).

The ruling here complained of stated that the grounds of demurrer were substantially the same, in that they called for more details of the alleged deed from the alleged grantor, Tom Pugh, and that they would be sustained unless before the trial the petitioner met this attack by sufficient amendment, and that there were sufficient allegations as to the witnesses to the alleged deed—the name of one witness being given and sufficient legal excuse being alleged for the failure to name the other witness. The trial court did not err in refusing to sustain these grounds of demurrer unconditionally, and giving the petitioner the right to amend up to and before the trial was not such an unreasonable time as would amount to an abuse of discretion.

The allegations of the petition were sufficient to set forth a cause of action, and the court did not err in overruling the general grounds of demurrer.

■ The bill of exceptions sets forth numerous objections to language contained in the affidavits offered by the petitioner, most of which are substantially the same as the objections which were raised by demurrer, which have already been ruled upon in the first division of this opinion adversely to the contentions of the defendants.

Other objections complained of language in the affidavits as being conclusions, irrelevant and immaterial, secondary evidence, hearsay evidence, and opinion evidence. The exception is to a ruling on an interlocutory-injunction hearing—where the strict rules of evidence are not applicable—and the evidence, even if improper, was not of such character as would require a reversal. *Griffith* v. *City of Hapeville,* 182 *Ga.* 333 (4) (185 S. E. 522); *Kniepkamp* v. *Richards,* 192 *Ga.* 509, 521 (9) (16 S. E. 2d, 24); *Hill* v. *Agnew,* 199 *Ga.* 644, 648 (34 S. E. 2d, 702).

■ In the bill of exceptions error is assigned because the trial court denied counsel for the defendants the right to call the petitioner, who was present in court and whose affidavit had been admitted in evidence, to the stand for cross-examination.

The ruling here complained of was made at the interlocutory

hearing on July 7, 1950. The bill of exceptions was not presented to the trial court until August 12, 1950, and was not signed until August 14, 1950. No exceptions pendente lite were filed complaining of such ruling.

Accordingly, the exception comes too late and presents no question for consideration by this court. Code (Ann. Supp.), §§ 6-902, 6-905; *Good* v. *Good,* 205 *Ga.* 112 (2) (52 S. E. 2d, 610), and cases cited. But see, on the merits, *Local Union No. 3871* v. *Fortner,* 202 *Ga.* 206 (4) (42 S. E. 2d, 734), where it was held that the court did not err in refusing to allow the defendants to cross-examine the petitioners, who were in court but submitted evidence only by affidavits.

■ Did the court err in granting an interlocutory injunction? The Code, § 38-702, declares: "If the paper shall have been lost or destroyed, proof of the fact to the court shall admit secondary evidence. The party shall be a competent witness to this point. The question of diligence is one for sound discretion of the court." In *Graham* v. *Campbell,* 56 *Ga.* 258 (1), it was held: "Where one of the subscribing witnesses to an unrecorded deed was dead, and the other stated that he did not recollect its contents, and the instrument was lost, parol evidence as to its terms was admissible." In the case now before the court, one of the subscribing witnesses and the only witness available testified that he remembered the contents of the deed. He did not remember the exact legal description, but knew that the deed conveyed the old Tom Pugh Homeplace. In *Greer* v. *Young,* 113 *Ga.* 120 (38 S. E. 314), it was held: "When in an action for land the right of the plaintiffs to recover is based on an alleged deed, which has been destroyed, and a copy of which can not be produced, the plaintiff must fail, unless the evidence not only satisfactorily shows the existence and loss of the original deed, but its contents and the fact of its proper execution."

The evidence for the petitioner in the present case showed among other things the following: Tom Pugh executed a warranty deed in the early 1930's, conveying the property in dispute known as the "Old Tom Pugh Farm" to the petitioner and Varo. The consideration of $350 was paid to Tom Pugh and the deed was delivered to Varo, who shortly thereafter was deported to Germany without having recorded the deed. Early

Wilbanks witnessed the deed as a notary public, and a lady, whose name the affiants do not remember, also witnessed the deed. The petitioner continued in peaceable possession of the property until the acts of trespass complained of were committed. He has made a diligent search, but has not been able to contact Varo or to find the deed which is lost.

Under the evidence and the above authorities, the trial court did not abuse its discretion in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*