BOWERS *v.* BOWERS.

No. 17445.   ARGUED APRIL 10, 1951—DECIDED MAY 15, 1951.

*Peebles & Burnside,* for plaintiff.

*Nathan Jolles, Curry & Curry,* and *Max Rubenstein,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ In the bill of exceptions error is assigned because of the exclusion of property values from evidence as follows:

Counsel for the plaintiff asked his witness, Alfred M. Bowers: What is the value of the property which is sought to be partitioned? Counsel for the defendant objected on the ground that the value of the property would be immaterial. The court sustained the objection. This evidence was excluded during the hearing on October 26, 1950.

The bill of exceptions was not presented to the trial court until December 4, 1950, and was not signed until December 11, 1950. No exceptions pendente lite were filed. Accordingly, the exception comes too late and presents no question for consideration by this court. Code (Ann. Supp.), §§ 6-902, 6-905; *Good* v. *Good*, 205 *Ga.* 112 (2) (52 S. E. 2d, 610), and cases cited; *Pugh* v. *Moore*, 207 *Ga.* 453 (3) (62 S. E. 2d, 153).

This is a partition proceeding instituted under Code § 85-1501 et seq. Counsel for the plaintiff state in their brief that the main difference between the parties seems to be the construction of the written agreement, which provides that, if either party should desire to "sell" his interest in the property, he would offer it to the other at a sum not to exceed $3500. The insistence is that Alfred M. Bowers having "given" his interest in the property to the plaintiff, she was under the law authorized to ask for a partition of the same and, upon showing that a fair and equitable partition cannot be had in kind or by metes and bounds, she properly prayed that the court appoint commissioners to sell the same and divide the proceeds. There is no merit in this contention.

"He who takes with notice of an equity takes subject to that equity." Code, § 37-115. "Possession of land is notice of whatever right or title the occupant has." § 85-408. In *Rhodes* v. *Lane,* 202 *Ga.* 608 (2), 610 (44 S. E. 2d, 114), this court said: "If, after an opportunity to purchase the interest of the petitioner under the terms of the contract, the defendant Rhodes should refuse to avail himself of this privilege, the right to partition the property would then arise. It is generally held that a party will not be decreed partition if it would be contrary to his own agreement."

Under the foregoing principles, the trial court, passing upon all issues of law and fact without a jury, was authorized to find from the pleadings and evidence that the plaintiff took, not as

a bona fide purchaser but with notice of whatever equities the defendant had in the property, and that, by filing the petition for partition, she elected to sell her interest in the property. Alfred M. Bowers was bound by his agreement, which was duly made the decree of the superior court and entered on its minutes; and since he could not convey any greater interest than he had, the plaintiff is likewise bound by his agreement.

Accordingly, the trial court did not err in ordering the commissioners appointed in the partition proceeding to convey all of the plaintiff's undivided one-half interest in the realty to the defendant upon receipt from her of $3500.

*Judgment affirmed. All the Justices concur.*