LEGGETT *v.* ALAZOS *et al.*

No. 18021.   ARGUED NOVEMBER 12, 1952—DECIDED JANUARY 13, 1953.

*Highsmith & Highsmith* and *E. Way Highsmith,* for plaintiff in error.

*Jack J. Lissner Jr.* and *George B. Cowart,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ In the bill of exceptions error is assigned because the trial court overruled the defendant's demurrer to the application for attachment for contempt. The ruling complained of was made on July 30, 1952. The bill of exceptions was not presented to the trial court until September 10, 1952, and was signed the same day. No exceptions pendente lite were filed complaining of such ruling. Accordingly, the exception comes too late, and presents no question for consideration by this court. Code (Ann. Supp.), §§ 6-902, 6-905; *Good* v. *Good,* 205 *Ga.* 112 (2) (52 S. E. 2d, 610); *Pugh* v. *Moore,* 207 *Ga.* 453 (3) (62 S. E. 2d, 153); *Bowers* v. *Bowers,* 208 *Ga.* 85 (1) (65 S. E. 2d, 153).

■ Counsel for the defendant insist that the judgment finding their client in contempt should be reversed, because no judge has the right to grant a permanent injunction except upon a final decree, and that disobedience of a void judgment is not contempt of court. So far as is disclosed by the record there was no exception to the order making the injunction permanent.

"A perpetual injunction shall be granted only after the hearing and upon a final decree." Code, § 55-111. Manifestly the injunction here should not have been made permanent on an interlocutory hearing, but it was not void. The order was issued by a court having jurisdiction of the person and subject-matter, and in a proper proceeding therefor could have been modified so as to be operative only until final trial or further order. See, in this connection, Code, § 55-111; *Strickland* v. *Griffin,* 70 *Ga.* 541, 550 (5); *Kniepkamp* v. *Richards,* 192 *Ga.* 509 (2) (16 S. E. 2d, 24); *Pullen* v. *Meadors,* 196 *Ga.* 796 (27 S. E. 2d, 655). Accordingly, the defendant was not at liberty to violate the injunction on the ground that she was permanently enjoined in advance of a final hearing and decree.

While there does not appear to be any case exactly in point,

the question is controlled on principle by *Dunn* v. *Harris,* 144 *Ga.* 157, 160 (86 S. E. 556), where it was said: "The power of the superior court to prevent disobedience of its injunctions is an important one. A temporary restraining order granted, to remain of force until the hearing of the application for an interlocutory injunction, has all the force of an injunction until rescinded or modified by the court. . . [Code, § 55-201]. If the court has jurisdiction of the person and subject-matter, and grants an injunction, the person enjoined can not justify a violation of it on the ground that it was erroneously or improvidently granted. A motion to have the injunction revoked or modified, or a writ of error (in a case where such writ may be had), is the remedy, if a party enjoined thinks that the injunctive order was erroneously granted." See also *Corley* v. *Crompton-Highland Mills,* 201 *Ga.* 333 (2) (39 S. E. 2d, 861); *Pedigo* v. *Celanese Corp. of America,* 205 *Ga.* 392 (1) (54 S. E. 2d, 252); *Hardy* v. *Thomas,* 208 *Ga.* 752 (7) (69 S. E. 2d, 609). Until changed in one of the ways above indicated, the order of a court of competent jurisdiction was binding upon the defendant.

Finally, counsel for the defendant concede that, if there had been any evidence that the prospective tenants had already engaged rooms with the petitioners, and that the defendant had endeavored to induce them to leave the petitioners' rooms and take her rooms, there would have been a violation of the injunction. In other words, the insistence is that, properly construed, the injunction can only mean that the defendant was enjoined from going upon the petitioners' premises for the purpose of trying to induce their tenants to leave the petitioners' rooms and take rooms with the defendant.

There is no merit in this insistence. The evidence, though conflicting, was sufficient to authorize the trial court to find that the terms of the injunction had been violated, and to hold the defendant in contempt.

*Judgment affirmed. All the Justices concur.*