## TRIMBLE *v.* FAIRBANKS.

No. 18166. ARGUED APRIL 14, 1953—DECIDED MAY 12, 1953.

*Phillips, Johnson & Williams,* for plaintiff in error.

*Lokey, Bowden & Rolleston,* contra.

ALMAND, Justice. Mrs. Millie B. Trimble, in an equitable petition against Donald E. Fairbanks, prayed for the sale and partition of proceeds of real estate alleged to be owned by the plaintiff and the defendant in fee simple, as tenants in common. To the sustaining of a general demurrer the plaintiff, by bill of exceptions, brings the case here for review.

In substance, the petition alleged: J. H. Trimble, the husband of the plaintiff, executed a warranty deed to Ruby Trimble Fairbanks in 1935 to the property in question, wherein the grantee agreed to provide a home for the grantor and the plaintiff as long as they lived. Ruby Trimble died testate in 1949. Her last will has been duly probated, and under Item 4 she devised the property in question to the plaintiff and the defendant. As to this property, in Items 5, 6, 7, and 8, she provided: (a) "that fee-simple title to said property shall not vest until the death of one of the beneficiaries herein named, at which time fee-simple title shall vest in the survivor"; (b) if the defendant predeceased the plaintiff, then all expenses incident to his last illness and funeral should be paid from the real estate; (c) during the life of both parties, the property could not be sold except by joint action of both of them, and any effort to sell his or her

equity prior to the death of the other would be void; (d) during the lives of both parties the property could not be rented or leased except by their joint consent.

The plaintiff alleged that Items 5, 6, 7, and 8 of the will were void as attempting to create a trust estate for persons sui juris; that the attempt to create conditions and limitations on the use of the property and its alienation during their joint lives is repugnant to the fee-simple estate granted; and that, under Item 4, the plaintiff owned a fee-simple undivided one-half interest in the property, and the provisions of Items 5, 6, 7, and 8 constituted a cloud upon her title and should be declared void.

■ A defeasible fee with an executory limitation is created when a testator devises real estate to two persons in fee simple, but provides that upon the death of one of them the property shall vest in fee simple in the survivor. Code, §§ 85-502, 85-503; *Curles* v. *Wade*, 151 *Ga.* 142 (106 S. E. 1); *Dean* v. *Wall*, 154 *Ga.* 637 (115 S. E. 78); *Jenkins* v. *Shuften*, 206 *Ga.* 315 (1) (57 S. E. 2d, 283). Under the provisions of the will in the instant case, the plaintiff has an estate in fee to a one-half undivided interest in the property, subject to being divested by her dying before the defendant, in which event the defendant, as the survivor, would become vested with the fee-simple title to the entire interest. The provisions of Items 5, 6, 7, and 8 as to the use and sale of the property during the life of the devisees did not create a trust estate, nor did the limitation placed on the sale of the property during the lifetime of the devisees violate Code § 85-903, which provides that "conditions repugnant to the estate granted or to do impossible or illegal acts, or which in themselves are contrary to the policy of the law, are void." See *Trammell* v. *Johnston*, 54 *Ga.* 340 (1, 2). Whether or not the provisions of Item 6 of the will—which expressed a desire that, if the defendant predeceased the plaintiff, all expenses incident to his last illness and funeral be paid from the granted property—is a valid charge upon the devised estate, need not be determined, because it is contingent upon a future event which may or may not happen. See, in this connection, *Armstrong* v. *Merts*, 202 *Ga.* 483 (43 S. E. 2d, 512).

■ Tenants in common having a defeasible fee in land devised under a will, which provides how their interest can be sold

during their joint lives, can not have the devised property partitioned, either by statutory or equitable proceedings. See Code, § 85-1504. Item 7 of the will provides that, during the lives of the plaintiff and the defendant, the property can be sold only by the joint act of both parties. In view of this item, the plaintiff has no right to seek a partition of the devised estate. There was no error in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*