## 51261. RATHKAMP v. RATHKAMP.

EVANS, Judge.
 This is a partitioning case between former husband
and wife, now divorced. In the final judgment and decree
of divorce, an agreement as to all issues and questions of
alimony for the wife was entered into and made a part
of this decree; and in particular with respect to the real
estate which is the subject matter of the present par-
titioning proceeding. This agreement provides in
pertinent part as follows: "The Wife shall be entitled to
the use of the real estate, consisting of a house and lot,
located at 1793 Ashentree Court, Chamblee, DeKalb
County, Georgia, until the said real estate is sold by
the parties, or until the Wife remarries, or until the
Wife voluntarily removes herself from the said real es-
tate, whichever event first occurs. In the event a Final
Judgment and Decree of Divorce is granted between the
parties hereto, they shall be tenants in common with a
one-half equal undivided interest each in the said real
estate. The Husband shall pay the monthly notes, taxes
and fire insurance on the said real estate until such time
as it may be sold."
 While the parties each own a one-half undivid-
ed interest in the property and by agreement they may
elect to sell the property, nevertheless, until said election
to sell is made by the wife, or until she remarries, or until

she voluntarily removes herself from the property, "whichever event first occurs," the husband's share of said property is burdened with the provisions above recited in the decree of alimony.

While it appears from the stipulation of the parties at a hearing of this matter, that the divorced wife is still in possession and there have been some negotiations between the parties with respect to the sale of the house, no sale has been consummated. The property has now been withdrawn from the market, and the agreement to sell through a real estate broker has expired. It therefore appears that the husband's undivided interest in the property is still burdened with the alimony settlement agreement shown above. The court did not err in dismissing the case. See *Rhodes v. Lane,* 202 Ga. 608 (1), (2) (44 SE2d 114); *Trimble v. Fairbanks,* 209 Ga. 741 (1, 2), 743 (76 SE2d 16).

If the proceeding be construed to be a petition for modification of the final alimony decree, it fails to set forth any grounds for same. See in this connection, *Eddings v. Eddings,* 230 Ga. 743, 744 (2) (199 SE2d 255).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 29, 1975 — DECIDED OCTOBER 15, 1975— REHEARING DENIED NOVEMBER 4, 1975 — ▮▮▮▮▮▮▮

*John C. Tyler,* for appellant.
*Tyrus Atkinson,* for appellee.