SALLY ANNE HULSLANDER, Plaintiff-Appellee, *v.* WAYNE R. HULSLANDER, Defendant-Appellant.

Third District   No. 77-98

Opinion filed December 27, 1977.—Rehearing denied February 3, 1978.

John G. Ames, of Minteer & Ames, of Moline, for appellant.

Dennis A. DePorter, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

On November 1, 1976, the circuit court of Rock Island County entered an interim order of divorce in favor of plaintiff, Sally Anne Hulslander, against defendant, Wayne Hulslander. The order reserved for future consideration matters of alimony, fees and property settlement. By suggestion of the court and stipulation of the parties, memoranda were submitted on issues of alimony, fees and property in lieu of evidence in open court. By memorandum the court reached its determination of the financial matters and after defendant's motion to reconsider the issue was denied, the court entered its final decree on January 27, 1977. The defendant has appealed only from that part of the decree relating to financial matters.

Sally and Wayne Hulslander were married on November 2, 1968, both had been previously married. Plaintiff had a son, Paul, by her first marriage, who was 17 years of age at the time of the divorce. Her first husband was killed in an automobile accident. Plaintiff was 40 years of age and defendant was 41 years of age at the time of this proceeding.

Prior to their marriage, the plaintiff was employed at Deere & Company, the defendant was a machinery operator. Shortly before the parties married in 1968, the defendant commenced an excavating business which he continued to operate thereafter and was operating at the time of this proceeding. When the parties were married they resided in a house which the plaintiff had inherited from her deceased husband. In 1972 the parties purchased a lot in joint tenancy and built a new house on it. After its completion, they resided in the new house as their marital home. Both parties expended labor in the construction and decoration of this house. The house which the plaintiff inherited from her husband was thereafter sold and an equity of approximately $14,000 was realized which the plaintiff divided between herself and her son.

From the facts and documents submitted by each of the parties for the purpose of enabling the court to resolve the property issues, it is undisputed the marital home which the parties owned in joint tenancy was valued at $76,000, was subject to a mortgage of $28,000 and that the equity in this property was $48,000. So far as the business is concerned, exhibits indicated agreement on a figure of $41,000, but presented a

dispute over whether a savings account in the name of the business in the amount of $12,000 should be included and whether the value should be reduced by some other expenses.

According to the facts considered by the court, at the time the parties were married plaintiff had about $10,000 in assets and the defendant less than $2,000. Plaintiff had also inherited some property with an approximate value of $18,000 which she maintained in her own name and which by stipulation was not to be considered by the trial court in resolving the differences between the parties. The plaintiff claimed that she worked in the business at the time it was started and that she considered herself to be a joint owner thereof. Various items of machinery were in the names of both parties jointly and many of the financial obligations of the business were also entered into by the plaintiff. Although the defendant denied that the plaintiff participated in the business as an equal partner, he did indicate that he considered the assets the parties owned, the business and the house, were joint assets.

The final order of the court granted to the defendant the business, including the accounts receivable and all business bank accounts. Further, the defendant was granted the riding mower, new TV set, furniture from the second bedroom of the house, silver ingots and the 1971 Mercury and camper. The plaintiff was granted the home subject to the mortgage, and the remaining household furnishings. The plaintiff was also to pay the balance due on the refrigerator. The plaintiff also obtained the savings account at the Uptown National Bank in the amount of $7,300.52. Lastly, the defendant was ordered to pay alimony in gross of $2,400, payable $400 per month for six months beginning February 1, 1977. Each party was ordered to pay his or her own attorney's fees and costs.

It has been called to the court's attention that the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.*) has been substantially changed, effective October 1, 1977, by the Illinois Marriage and Dissolution of Marriage Act (Pub. Act 80-923). The parties however have agreed that since the decree in this case was entered in January 1977 their rights are governed by the Act as it then existed and the changes effective October 1, 1977, are inapplicable.

On this appeal the defendant argues that the allocation of property was improper. Defendant initially argues that the court erred in awarding the marital home to the plaintiff.

As part of his response to the plaintiff's complaint, the defendant filed a counterclaim seeking partition of the premises upon which the marital home was located. Since this property was owned by the parties as joint tenants, the defendant argues he had an absolute right to the partition of the premises and the order of the trial court violated that right.

■■ Undoubtedly as a general principle, a co-tenant does have the

right of partition. (*Davis v. Davis*, 128 Ill. App. 2d 427, 262 N.E.2d 788.) It is equally well settled that partition may be denied where equitable principles in furtherance of other interests of the parties so require. See *Heldt v. Heldt*, 29 Ill. 2d 61, 193 N.E.2d 7, and *Brod v. Brod*, 390 Ill. 312, 61 N.E.2d 675.

■■ Even though either of the parties may have initially had the right to partition the premises upon which the marital residence was situated, we believe such right was waived when the parties sought a resolution of their conflicting claims irrespective of any remedy of partition. Indeed, the defendant proposed that he be granted the marital residence free and clear of any interest or claim of the plaintiff, a claim which is inconsistent with any notion that partition of the premises either in kind or by division of proceeds was intended. Under these circumstances, we find no error in the court's action on account of its failure to partition the premises.

This brings us then to the argument of the defendant that the allocation of the marital residence and household furnishings to the plaintiff was erroneous. With respect to the marital residence, the defendant argues that only an equal division of either the property or its proceeds was proper.

■■ Generally, property standing in the name of one of the parties in a divorce action is not subject to an order requiring conveyance to the other party unless special equities are shown therein, unless conveyance is required for alimony in gross or unless conveyance in kind is necessary to effect an equitable distribution of the property in accordance with the rights and interests of the parties. We believe the award of the marital residence and furnishings to the plaintiff was justified under the last of the foregoing provisions or more specifically, under section 17 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 18).

Plaintiff claimed, and the facts which were presented to the court are sufficient to support such claim, that the residence, home furnishings and the business were all jointly owned assets. Consequently, the court concluded that an approximately equal division of the assets in common best satisfied the interest of both parties. The award of the business to the defendant and the award of the equity in the residence and household furniture to plaintiff resulted in an approximately equal division of the assets. No precise arithmetical equality is required and even though there may be some difference in the values of the shares awarded to each party, we do not believe the discrepancies are of such magnitude that a different division is required as a matter of law. Although the defendant has argued that the award of the home furnishings to the plaintiff was improper because of their great value, we believe the record and the order of the court amply demonstrates this issue was considered by the trial court and

the record itself fails to support the defendant's claim made on this appeal.

Finding no error in the judgment of the circuit court of Rock Island County, the judgment of said court is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.