*In re* MARRIAGE OF TIMOTHY E. CLEARMAN, Petitioner-Appellant, and JILL E. CLEARMAN, Respondent-Appellee.

Third District    No. 79-886

Opinion filed June 30, 1980.

Samuel S. McHard and Dale G. Haake, both of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellant.

Dorothea O'Dean and H. Reed Doughty, both of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This cause arises from a decision of the circuit court of Rock Island County which dissolved the marriage of Timothy E. Clearman and Jill E. Clearman. At issue on this appeal is the division of marital property, the petitioner's right to partition joint-tenancy real estate, the propriety of the child-support award, and the correctness of an award of attorney fees.

The petitioner, Mr. Clearman, and the respondent, Mrs. Clearman,

were married on June 22, 1968. Two children were born of that marriage, Caressa Dawn Clearman and Julia Rose Clearman. On December 26, 1978, Mr. Clearman filed a petition for dissolution of the marriage and for partition of the jointly held marital home. On May 9, 1979, the respondent filed a counterpetition for dissolution. Following a hearing in the circuit court on May 25, 1979, the respondent's counterpetition was granted.

The primary issue before us here does not involve the decisions reached after the May 25 hearing, but rather the decisions reached following a series of subsequent hearings wherein the issue was the equitable division of marital property. The property owned by the petitioner and respondent included the marital residence, home furnishings, three automobiles, common stock of several corporations, bank accounts, insurance and miscellaneous other personal items. The total market value of all these assets according to testimony elicited in the court below is in excess of $71,000. While accumulating these assets, the petitioner and respondent incurred debts with a current balance of $31,519.

■■ There is some dispute as to whether all of the property acquired by the parties should properly be classified as marital property. Of course, there is a presumption that all property acquired by either spouse after the marriage is marital property. (Ill. Rev. Stat. 1979, ch. 40, par. 503(b); *In re Marriage of Amato* (1980), 80 Ill. App. 3d 395, 399 N.E.2d 1018.) Nowhere in the record is there an express finding or a reliable contextual inference that the trial judge treated this presumption as having been rebutted. Indeed the record contains answers to interrogatories wherein the respondent denies that any of her assets are nonmarital. The respondent is the same party who here contends that some of the assets were nonmarital property owned by her. With the record so composed, we must conclude that the trial judge treated all of the assets of the parties as marital property.

The scheme of distribution ordered by the trial court awarded assets valued at $65,620, including the marital home, to the respondent. The petitioner was awarded property valued at $6,200 and was required to assume all the marital debts. The court also awarded custody of the minor children to respondent, ordered petitioner to pay $50 per week per child by way of support, and obligated petitioner to pay respondent's attorney fees of $2,000.

Petitioner urges us to find that the division of marital property decreed by the court below is contrary to statute. The relevant section provides that:

"* * * the court shall assign each spouse's non-marital property to that spouse. It also shall divide the marital property without regard

to marital misconduct in just proportions considering all relevant factors * * *." (Ill. Rev. Stat. 1979, ch. 40, par. 503(c).)

The statute then lists 10 factors which ought to be considered to determine what proportions are just under the circumstances. Upon reviewing those factors, we do not believe the record will support the division ordered below as a just result.

An analysis of the disposition scheme reveals that the respondent was awarded assets valued at $65,620 with no debt assumed. The petitioner received assets which, because of debts assumed, had a *negative* value of $25,319. Stated another way, the petitioner was denied any share of the net wealth accumulated by the parties during their marriage. Additionally, he will be obligated to retire over $21,000 in mortgage indebtedness for assets awarded solely to the respondent. Such a vast disparity in the proportionate disposition of marital property must be accompanied by the most extraordinary circumstances before this court can uphold it as just. All marital property can be awarded to one spouse only where the totality of the evidence supports that result. *In re Marriage of Lloyd* (1980), 81 Ill. App. 3d 311, 401 N.E.2d 328.

A review of the relevant factors reveals that both parties were employed during the marriage, although for several years the respondent filled the role of primary breadwinner while the petitioner completed his college degree. Both parties have contributed as homemakers for the family unit. Both parties were 29 years of age and in good health when this action was commenced. The petitioner is employed as an industrial engineer and the record shows he earned $19,650 in 1978. The respondent is currently, voluntarily, unemployed, but in 1976 when she was employed full time as an executive secretary she earned $14,500. No maintenance was awarded either party.

■■ In determining whether the totality of the evidence supports the disparate division of marital property, we are reminded that this matter is within the discretion of the trial court and will not be disturbed on review absent an abuse of that discretion. (*In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 398 N.E.2d 126.) Nevertheless, where a substantial injustice would result, the perimeters of the trial court's discretion are exceeded. (*In re Marriage of Lee.*) The goal of the trial court should always be a distribution which is equitable in nature. *In re Marriage of Fleming* (1980), 80 Ill. App. 3d 1006, 400 N.E.2d 625; *In re Marriage of Lee.*

■■ In the case at bar both parties have made more than nominal, though not equal, contributions toward the acquisition of marital assets. Absent countervailing factors, this tends to support the proposition that both parties should share, though not equally, the marital property. In the instant case the petitioner is employed and there is evidence that the

respondent could be employed, in both cases at salaries, after adjustment for child support, which provide for a moderate standard of income. That is, no party has demonstrated grossly disproportionate need. Neither party has demonstrated in terms of age, health, skills, or otherwise that a severe handicap exists relative to future economic opportunities, although it is clear their opportunities are not precisely equal. The statute does not treat a just proportion as synonymous with an equal proportion (*Schubert v. Schubert* (1978), 66 Ill. App. 3d 29, 383 N.E.2d 266), and the facts of the case *sub judice* do not warrant an equal apportionment; but also absent here are those extraordinary circumstances that create such a substantial imbalance in the equities as to deny one party any proportion at all. Absent such circumstances, we conclude that an injustice would occur unless the circuit court reconsiders the disposition of marital property previously ordered.

The petitioner also has appealed the award of child support and attorney fees. Among the matters which determine the propriety of a support award are the financial resources of the parties. (Ill. Rev. Stat. 1979, ch. 40, par. 505(a)(2) and (a)(5).) Similarly, the financial resources of the parties must be considered in evaluating the request of a spouse for attorney fees. (Ill. Rev. Stat. 1979, ch. 40, par. 508(a).) The resources of the parties are in part dependent on the final determination made with regard to property disposition. It follows then that a final determination must be made with regard to the division of property before a conclusive appellate review of the issues of child support and attorney fees. (*In re Marriage of Leon* (1980), 80 Ill. App. 3d 383, 399 N.E.2d 1006; *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 397 N.E.2d 488.) Accordingly, as we are mandating the circuit court to review the disposition of marital property, we also order a rehearing on the matters of child support and attorney fees after the property division is finally determined.

Finally, and with regard to the second count of petitioner's complaint, we are urged to hold that petitioner is entitled to partition the marital residence as a matter of right. Petitioner's position is not the law.

> "Generally, in the absence of special equities, one owning land in common with another, such as a tenant in common or a joint tenant, has an absolute right to partition. (*Yedor v. Chicago City Bank and Trust Co.*, 376 Ill. 121; *Murphy v. Murphy*, 343 Ill. 234; *Vierieg v. Krehmke*, 293 Ill. 265.) It is well settled that when a husband and wife are joint tenants, either may maintain a successful action in partition against the other regardless of the effect on the tenancy. (*Lutticke v. Lutticke*, 406 Ill. 181; *Stromsen v. Stromsen*, 397 Ill. 260.) At the same time, however, we have stated on many occasions that a court of chancery will not permit a

partition proceeding to be used to circumvent established principles of law or public policy and will, in the exercise of equitable jurisdiction, control the proceedings to protect the rights of all the parties. *Brod v. Brod*, 390 Ill. 312; *Whitaker v. Scherrer*, 313 Ill. 473." (*Heldt v. Heldt* (1963), 29 Ill. 2d 61, 63.)

We have continually followed the supreme court's admonition in *Heldt* that "other interests" may qualify the right to partition. (*Hulslander v. Hulslander* (1977), 55 Ill. App. 3d 981, 371 N.E.2d 652.) Where partition would be used to circumvent principles of law and public policy, those "other interests" should prevail. Where as in the case at bar the primary marital asset is the marital residence, and where that asset is held in multiple tenancy between spouses, it is not an abuse of the chancellor discretion to conclude that the public policy embodied in the Marriage and Dissolution of Marriage Act (see, for example, Ill. Rev. Stat. 1979, ch. 40, par. 503(c)(4)) would be circumvented if the partition action were to proceed. We decline to order the partition prayed for.

The petitioner-appellant is granted a reversal of the judgment below insofar as it is inconsistent with the views expressed herein, and upon remand a judge of the circuit court of Rock Island County shall consider the issues of property, support and attorney fees in light of our opinion today. The lower court's denial of partition is affirmed.

Affirmed in part; reversed in part; remanded.

ALLOY, P. J., and STOUDER, J., concur.