## 67624. HUGHES v. HUGHES et al.

BIRDSONG, Judge.

This appeal was filed in the Supreme Court, but was transferred to this court upon the basis that it is a partition proceeding and thus within our jurisdiction.

The summary judgment appealed from by Marsha Hughes (with essential deletions made for brevity) provides: "Frances Hughes and Tommy Franklin Hughes were lawfully married in 1959 and lived together as husband and wife until 1978. During the time of her marriage to Hughes, she and Hughes acquired a house located in Gwinnett County, Georgia. In 1979, Frances Hughes and Tommy Franklin Hughes were legally divorced. At the time of the final divorce between Frances Hughes and Tommy Franklin Hughes, a divorce settlement agreement was entered into between them and incorporated into the final judgment and decree of divorce.

"Pursuant to the divorce settlement agreement, Frances Hughes was given the right to occupy the marital abode located in Gwinnett County, Georgia; however, both parties retained their one-half (1/2) undivided interest in the premises according to the warranty deed on record.

"The divorce settlement agreement further provided that '. . . in the event the wife plans to remarry, she shall notify the husband and they shall mutually agree upon a sales price at fair market value, and the said house shall be sold through a reputable real estate broker without delay. Under no circumstances shall the wife move any boarder or spouse into the marital abode without the prior written consent of the husband. At the time of final settlement or closing on the real property referred to herein as the marital abode, either party making expenditures for necessary repairs or necessary improvements to the property shall be entitled to a credit for said repairs and improvements so that in the final settlement said

expenses shall be born equally between the parties. In the event the wife vacates the premises, then the house shall be sold in accordance with the above without delay. Both parties hereby agree to sign and execute such documents as become necessary in order to effectuate this provision. The wife and husband shall share equally the paying of all taxes, assessments. The wife shall pay the monthly mortgage payment on time and agrees not to further encumber said property in any way.'

"It was stipulated by the parties that none of the conditions as set out in the divorce settlement agreement has occurred previous to the Petitioner Marsha Hughes filing her Petition for Partition.

"In 1979, Tommy Franklin Hughes married the Petitioner, Marsha Hughes. In 1981, Tommy Franklin Hughes died, survived by Marsha Hughes, and by two children, Karen Suzanne Hughes and Thomas Hughes, from his prior marriage to the Respondent, Frances Hughes. On September 11, 1981, a petition for year's support was filed on behalf of the Petitioner, Marsha Hughes, and Karen Suzanne Hughes, the minor child, in the Probate Court of DeKalb County, Georgia; and, the court appointed five neutral appraisers. Three of the five appraisers signed a return which awarded the minor child the estate's entire interest in the one-half interest in Gwinnett County, Georgia. Marsha Hughes filed a caveat to the Year's Support award.

"On appeal to the Superior Court of DeKalb County, the verdict of the jury modified the appraiser's award to give an $8,000 interest in the undivided one-half (1/2) interest in the property located in Gwinnett County to Marsha Hughes with the remainder of the estate's one-half (1/2) interest to Karen Suzanne Hughes.

"On January 17, 1983, Marsha Hughes filed her petition for partitioning of the property located in Gwinnett County, Georgia. Petitioner Marsha Hughes seeks this partition action as her remedy to gain the $8,000.00 interest in the undivided one-half (1/2) interest in the real property located in Gwinnett County, Georgia, as awarded to her for her support and maintenance; however, this partition action must fail.

"This [trial] court finds that the Respondent Frances Hughes' right to occupy the real property in question is superior to Petitioner Marsha Hughes' $8,000.00 interest in said property because the real property is burdened with a divorce settlement agreement as entered into between Frances Hughes and Petitioner's deceased husband Tommy Franklin Hughes that was incorporated into a final judgment and decree of divorce.

"This case is controlled by *Rathkamp v. Rathkamp,* 136 Ga. App. 423 (221 SE2d 221) (1975); and *Blalock v. Blalock,* 250 Ga. 862 (301 SE2d 876) (1983). . . .

"Petitioner argues that Frances Hughes has been divested of her right to occupy the subject property by the death of Tommy Franklin Hughes; this argument must fail. In *Stephens v. Stephens,* 215 Ga. 355 (110 SE2d 762), the Supreme Court held that when property is set apart to a widow as a year's support she receives just such title as her deceased husband had and acquires no greater title by reason of the setting apart of the award of year's support. The court further held that all the year's support award does is vest in the widow whatever interest, legal or equitable, that the husband had in the property.

"In this case, the deceased husband of the Petitioner, Tommy Franklin Hughes, had a remainder interest in the real property located in Gwinnett County, Georgia by virtue of his divorce settlement agreement as entered into with the Respondent Frances Hughes. Accordingly, the Petitioner, Marsha Hughes, pursuant to the award of year's support, has an $8,000.00 remainder interest in the property which is burdened by the divorce settlement agreement. The Petitioner is not entitled to her year's support award of $8,000.00 until Frances Hughes' interest in the property is terminated by the events as set out in the divorce settlement agreement.

"For these reasons, Respondent's Motion for Summary Judgment is hereby granted and Petitioner's Petition for Partition is dismissed."

On appeal, Marsha Hughes contends the trial court erred in granting summary judgment to the appellees in that the appellees' resistance of the partition action was a collateral attack on a prior, valid judgment (*Williams v. Nuckolls,* 229 Ga. 48 (189 SE2d 82)); secondly, that the appellees' possession of the deceased Mr. Hughes' one-half undivided interest was alimony which was an obligation which terminated at Mr. Hughes' death; and finally that public policy requires the second wife Marsha Hughes' year's support rights take precedence over the first wife Frances Hughes' rights under divorce judgment and decree. *Held:*

1. Marsha Hughes' appeal is without merit.

Frances Hughes' resistance to the second wife's partition proceeding was not a collateral attack on a valid judgment (see OCGA § 9-11-60 (a) (Code Ann. § 81A-160)). Frances Hughes and her minor child Karen Hughes do not challenge Marsha Hughes' $8,000 vested year's support interest in the decedent's one-half undivided interest in the property. However, Marsha Hughes' year's support award vested in her only whatever interest her husband had and no more. *Stephens v. Carter,* 215 Ga. 355 (110 SE2d 762). Mr. Hughes could not have partitioned the property (*Blalock v. Blalock,* supra); and neither can his second wife. If the year's support award is interpreted to give

her the right to immediate recovery of an $8,000 interest so as to require a partition (or equity equivalent), any such right is void because this was a right her husband did not have and, so, neither does his estate. *Johnson v. City of Blackshear,* 196 Ga. 652 (27 SE2d 316).

2. The characterization of Frances Hughes' right to possess her former husband's one-half interest in the house as "alimony" does not alter this analysis. His death did not terminate Frances Hughes' right nor enlarge his estate to that extent. Frances Hughes' right to live in the house until her death or remarriage was in the nature of lump sum alimony (*Lyons v. Lyons,* 244 Ga. 619 (261 SE2d 395)) or a property settlement (*Yarbray v. Young,* 236 Ga. 784 (225 SE2d 315)) which is enforceable by her after Mr. Hughes' death, by law (see *Donaldson v. Baldwin,* 224 Ga. 680, 683 (164 SE2d 141)) and by the divorce settlement contract itself, which clearly gives Frances Hughes the right to possess the property until her death or re-marriage without limitation by Mr. Hughes' death.

In *Dolvin v. Dolvin,* 248 Ga. 439 (284 SE2d 254), the Supreme Court reversed the line of cases which had held that a husband's obligation to pay *periodic* alimony continues after his death. *Dolvin* involved an award of periodic alimony, and essentially held that the death of the former husband terminates his obligation to pay periodic alimony under a settlement agreement just as it does under a jury verdict, where boilerplate language in the settlement agreement is silent as to effect of the husband's death. But clearly, periodic alimony and the property settlement in this case are not upon the same footing; this property settlement (or lump sum alimony) is vested and not subject to modification. *Lyons v. Lyons,* supra, p. 620; *Nash v. Nash,* 244 Ga. 749, 750 (262 SE2d 64).

Moreover, the divorce settlement agreement in this case, while silent as to the effect of the husband's death, nevertheless evinces the plain intent to provide a home for Frances Hughes until her own death or remarriage or voluntary removal, and not merely while Mr. Hughes was alive. This is particularly clear in view of the fact that this property settlement (even if it is called lump sum alimony) is not simply one of obligation of the husband, potentially defeasible and divestible, but involves equally the wife's own right in her own property which should not be divested except in the precisely described circumstances; Mr. Hughes' death was not one of them.

In other words, while *Dolvin* infers certain legal conclusions as to the disposition and obligations of the decedent's estate where a divorce settlement agreement involves only his property obligations and is silent as to the effect of his death, the same legal conclusions are not warranted where they would disturb the wife's own property

ownership and rights. The fact that her possession of Mr. Hughes' one-half undivided interest might have an ascertainable value is not pertinent to this consideration. This situation was not addressed by the Supreme Court in *Dolvin,* and we do not think the decision upon the facts in that case, and in the cases it overruled, reaches the facts of this case.

3. It can thus be seen that the public policy which vaunts years' support awards above all other claims on the decedent's estate (OCGA § 53-5-2 (a) (Code Ann. § 113-1002); *Rogers v. Woods,* 63 Ga. App. 195 (10 SE2d 404)) is not a factor in this case, because the property interest Marsha Hughes claims is not now a part of Mr. Hughes' estate but is burdened by a prior valid judgment and decree (*Rathkamp v. Rathkamp,* supra) and is vested in the first Mrs. Hughes until the occurrence of certain events, which do not include Mr. Hughes' death. Moreover, in general, we do not think public policy would encourage us to interpret the property settlement in this case as an obligation of Mr. Hughes which terminated at his death, in view of Frances Hughes' own separate ownership in the property and the expressed intent of the settlement and decree to retain it to her as home until she remarries, dies, or voluntarily moves (see Division 2). The public policy which provides support and alimony to a wife whose husband is removed by divorce (particularly where the support and alimony is one agreed to by the husband and vested by law) is surely not per se inferior to the public policy which provides support and maintenance to a wife whose husband is removed by death.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 15, 1984.

*F. Edwin Hallman, Jr., W. Scott Schulten,* for appellant.
*Charles A. Mullinax,* for appellees.