S90A0585. WALLACE v. WALLACE.
(396 SE2d 208)

HUNT, Justice.

When the husband and wife in this case entered into a settlement agreement prior to their divorce in 1980, they created a joint tenancy with a right of survivorship[1] in the marital home:

> The marital home of the parties shall be in the exclusive possession of the Wife and she shall make all payments in connection therewith except that the Husband shall pay off the second mortgage. . . . Title shall be in the name of the parties as joint tenants with right of survivorship. When and if the property is sold while both parties are living, the proceeds shall be divided equally between the parties.

In 1987, the husband filed a complaint seeking a partitioning under OCGA § 44-6-160, which provides:

> When two or more persons are *common owners* of lands and tenements, whether by descent, purchase, or otherwise, and *no provision is made, by will or otherwise, as to how such lands and tenements shall be divided,* any one of such common owners may apply by petition to the superior court of the county in which such lands and tenements are located for a writ of partition. . . . (Emphasis supplied.)

He now appeals the grant of summary judgment to the wife, denying partitioning.[2]

---

[1] OCGA § 44-6-190; Pindar, Georgia Real Estate Law, § 19-13-1 (3rd ed.).

[2] Under *Wiley v. Wiley,* 233 Ga. 824 (213 SE2d 682) (1975), appellate jurisdiction of partitioning rests in this court as involving title to land, 1983 Ga. Const., Art. VI, Sec. IX, Par. III (1). As a suit independent from the divorce case, no application to appeal is required. *Larimer v. Larimer,* 249 Ga. 500 (292 SE2d 71) (1982).

The husband's argument that he is entitled to a partitioning of the property fails for two reasons. First, the Code section upon which he relies has long been construed to apply only to tenants in common, not to joint-tenants with a right of survivorship. See, e.g., *Baggs v. Baggs*, 54 Ga. 96, 97 (1874); *Trimble v. Fairbanks*, 209 Ga. 741, 742-43 (76 SE2d 16) (1953). See Pindar, Georgia Real Estate Law, § 19-13 (3rd ed.). The second reason is that whether the property is held by the husband and wife as tenants in common or as joint-tenants, if it is subject to the exclusive possession of one of them, it is not subject to partitioning by the other. In that event, such as here, the non-possessing spouse's share is said to be "burdened with the provisions . . . recited in the decree. . . ." *Rathkamp v. Rathkamp*, 136 Ga. App. 423, 424 (221 SE2d 221) (1975);[3] *Hughes v. Hughes*, 169 Ga. App. 850, 854 (314 SE2d 920) (1984); *Blalock v. Blalock*, 250 Ga. 862 (301 SE2d 876) (1983).

The trial court properly granted summary judgment to the wife.[4]

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED SEPTEMBER 26, 1990.

*Carole McCartin Wright*, for appellant.
*Ralph D. Vaughn*, for appellee.

---

[3] The husband seeks to distinguish *Rathkamp* because it involves "alimony." In *Rathkamp*, as here, the parties' interest in the property was subject to a decree granting the wife its use until the fulfillment of certain conditions. We attach no particular significance to whether her use was acquired by alimony, property division or otherwise, so long as it was made a part of the decree.

[4] This decision does not work a complete restraint on the alienation of the husband's interest. He could sell *his* interest subject to the terms of the decree, although the market for such a sale would admittedly be very limited. What he cannot do, by sale or by partitioning, is divest her of her right of possession to the entire property. The effect of such a sale on the right of survivorship is unclear. See Pindar § 7-81, and footnotes 4 and 5 under that section.