S08A0583. HARVEY v. SESSOMS.
(663 SE2d 210)

BENHAM, Justice.

Appellant James Allen Harvey filed a complaint for statutory partitioning of real property which he and appellee Linda Sessoms own as tenants in common pursuant to their 1970 judgment and decree of divorce. Harvey appeals the trial court's grant of summary judgment to Sessoms.

The parties were divorced in 1970 by a final judgment and decree of divorce which awarded Sessoms "permanent possession" of the marital home and required her to pay the mortgage thereon, with title to the property remaining in both Sessoms and Harvey. Sessoms lived in the home until 2004, when she left it to care for her elderly mother in a house with a handicapped-accessible bathroom. She rented the marital home to a third party and retained the rental income. In October 2006, Harvey filed the petition for statutory partition, claiming Sessoms had given up possession of the marital home when she moved out and seeking an accounting with regard to the rental income and half the profits earned from the lease of the property. Citing *Wallace v. Wallace,* 260 Ga. 400 (396 SE2d 208) (1990), and *Rathkamp v. Rathkamp,* 136 Ga. App. 423 (221 SE2d 221) (1975), the trial court granted summary judgment to Sessoms on the ground that the divorce decree placed the property of tenants in common in the exclusive possession of one tenant, thereby burdening the interest of the non-possessing tenant to the point that the property is not subject to partition by the non-possessing tenant.

We disagree with the trial court's analysis and, accordingly, reverse the grant of summary judgment to Sessoms.

As a result of the divorce decree, the parties are tenants in common with regard to the real property at issue, with each of the parties having a one-half undivided interest in the property. See *Blalock v. Blalock*, 250 Ga. 862 (301 SE2d 876) (1983). As a tenant in common of land with no provision as to how the land shall be divided, appellant Harvey was authorized to file a petition seeking statutory partitioning under OCGA § 44-6-160. *Mansour Properties v. I-85/Ga. 20 Ventures*, 277 Ga. 632 (1) (592 SE2d 836) (2004).

> Partition is a remedy much favored by the law [because] . . . it permit[s] cotenants to avoid the inconvenience and dissension arising from sharing joint possession of land . . . [and it facilitates] transmission of title, thereby avoiding unreasonable restraints on the use and enjoyment of property.

59A AmJur2d, Partition, § 6. It is the policy of the law to encourage free alienability of property and attempts to remove land from circulation in trade are discouraged (Hinkel, Pindar's Georgia Real Estate Law and Procedure, § 7-156 (6th ed.)); however, a trial court faced with a petition for partitioning must determine whether there is any restraint on the power to compel partitioning. See Restatement of the Law of Property, Section 412, Comment b. For example, partitioning will not be decreed if it is contrary to the petitioner's agreement (*Mansour Properties v. I-85/Ga. 20 Ventures*, supra; *Bowers v. Bowers*, 208 Ga. 85 (1) (65 SE2d 153) (1951)), or if, when the defeasible fee to tenants in common is given by a will, partitioning is contrary to the provisions in the will as to how the property might be sold. *Trimble v. Fairbanks*, 209 Ga. 741 (2) (76 SE2d 16) (1953).

In the case at bar, the trial court determined that the 1970 judgment and decree of divorce placing the property of the tenants in common in the exclusive possession of one tenant worked an impediment to partitioning. In both cases cited by the trial court, *Rathkamp*, supra, and *Wallace*, supra, the petition for partitioning was dismissed or denied because the petitioner's share of the property (and the concomitant right to partition) was burdened by the terms of the divorce judgment. In each case, the judgment of divorce incorporated the terms of the parties' settlement agreement wherein the former spouse now seeking partitioning had agreed to burden his share of the property by contractually surrendering his right to partition. *Wallace v. Wallace,* supra, 260 Ga. 400 (in a settlement agreement incorporated into the judgment of divorce, husband and wife created a joint tenancy in the marital home, with

wife given exclusive possession of the home); *Rathkamp v. Rathkamp*, supra, 136 Ga. App. 423 (divorce decree incorporated settlement agreement that gave non-petitioning spouse the right to live in the house until one of several conditions was met). See also *Bowers v. Bowers*, supra, 208 Ga. 85 (2) (where divorcing husband and wife own property jointly and give each other the right to purchase the other's interest should either wish to sell his or her interest, neither party nor the grantee of either party is entitled to partition in lieu of honoring the agreement); *Hughes v. Hughes*, 169 Ga. App. 850 (314 SE2d 920) (1984) (where divorcing parties entered into agreement incorporated into divorce judgment that gave wife the right to occupy the marital home, surviving wife of now-deceased husband cannot seek partition of marital home against former wife since deceased husband could not have sought partition).

The determining factor in holding that a non-possessing tenant in common is not entitled to partition is that the requesting tenant has agreed to surrender his right to partition. "The right of partition may be surrendered by contract. . . ." Pindar, § 7-103. Where a party expressly or impliedly agrees to relinquish his right to partition, partition will not be granted. *Mansour Properties*, supra, 277 Ga. at 634. In the case at bar, the parties did not execute an agreement by which Harvey surrendered his right to partition. Where a non-possessing tenant in common has not agreed to give up his right to partition, that right is not extinguished by a judgment imposed upon him. *Northern New Hampshire &c. v. Cannell*, 134 N.H. 519 (593 A2d 1161) (1991) (waiver of right to partition found only when divorcing parties have entered into an agreement to hold the property as tenants in common with one tenant having the continued use or possession of the property). But see *Hulslander v. Hulslander*, 55 Ill. App. 3d 981 (371 NE2d 652) (1977) (by participating in the divorce proceedings and seeking resolution through that proceeding, tenant in common waived the right to partition the property). To the extent *Blalock v. Blalock*, supra, 250 Ga. 862, and *White v. White*, 253 Ga. 388 (320 SE2d 757) (1984), can be read as finding a relinquishment of the right to partition in a judicial decree not supported by an agreement, they are disapproved.

In the absence of appellant's contractual relinquishment of his right to partition, it was error to grant summary judgment to appellee on appellant's complaint for partition.

*Judgment reversed. All the Justices concur, except Hunstein, P. J., who dissents.*

HUNSTEIN, Presiding Justice, dissenting.

I respectfully dissent to the majority's opinion. As we stated in *Blalock v. Blalock*, 250 Ga. 862 (301 SE2d 876) (1983),

[i]t is true that the parties do each hold a one-half undivided interest in the subject property. However, the parties' divorce decree, which was rendered approximately [36] years before the filing of the complaint in this case, gives the defendant the right to [permanent possession of] the property. The plaintiff has alleged no facts showing that the defendant has been, or should be, divested of this right.

Contrary to the majority's conclusion, I would recognize that Harvey implicitly agreed to relinquish his right to partition the property when he failed to appeal the 1970 divorce decree in order to challenge its provision granting Sessoms "permanent possession" of the property. I thus cannot agree with the majority's reversal of the trial court's grant of summary judgment to Sessoms or its disapproval of *White v. White*, 253 Ga. 388 (320 SE2d 757) (1984) and *Blalock*, supra.

DECIDED JUNE 30, 2008.

*Gannam, Gnann & Steinmetz, J. Hamrick Gnann, Jr.,* for appellant.
*Brannen, Searcy & Smith, William N. Searcy, Robert C. Hughes III,* for appellee.