## 35500. LYONS v. LYONS.

UNDERCOFLER, Presiding Justice.

The husband filed this suit for modification of the parties divorce decree seeking custody, termination of support and alimony, and exclusive possession and title to the home and furnishings of the marriage. The wife consented to the change of custody, but claims one-half interest in the equity of the house as lump sum alimony under the decree. The trial court ruled otherwise and she appeals. We reverse.

The parties were divorced in 1977. Under a separation agreement, incorporated into their decree, the wife obtained custody of their three children. Paragraph 3 of the decree provides: "It is agreed between the parties that the Plaintiff shall have the exclusive use and possession of the house at 3241 Bristol Lane, Duluth, Georgia, as long as she desires and the Plaintiff shall make the monthly house notes on said property, but that at the time she no longer wants the house, if both parties agree in writing, the same can be sold and the equity shall be divided equally between the parties. It is further agreed that should the Defendant die before the house is sold, the title to the home shall immediately vest in the Plaintiff."[1] In 1978, the wife voluntarily relinquished

---

[1] The wife was also given the furniture, furnishings,

custody of the children and possession of the house to the father, and he ceased to make further child support payments to her.

The plain language of the parties' agreement manifests an intent to provide a home for the children, with the custodian making the payments, until such time as both parties agree in writing to sell the home and divide the equity.[2] This is clearly an award of lump sum alimony and is not subject to modification under Code Ann. § 30-222. *Taulbee v. Taulbee,* 243 Ga. 52 (252 SE2d 481) (1979).

The judgment awarding exclusive possession and title of the property to the husband is reversed. The trial court on remand may reconsider the issue of attorney fees in favor of the wife. Code Ann. § 30-223.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 5, 1979 — DECIDED OCTOBER 31, 1979.

*Beverly B. Bates,* for appellant.
*George P. Dillard, William F. Rucker,* for appellee.

---

and equipment in the house and a car. But no issue as to these items is made here on appeal.

[2]Title to the home is in the husband.