## 46343. SPIVEY v. McCLELLAN.
### (378 SE2d 123)

CLARKE, Presiding Justice.

This is an appeal from a declaratory judgment in which the trial court decided that a property settlement incorporated into a divorce decree could not be modified without the approval of the court. We reverse.

Melba Spivey and John McClellan were divorced in 1979. Pursuant to a settlement agreement that was incorporated into the divorce decree, Ms. Spivey was entitled to live in the marital residence for two years after the divorce or until her remarriage. At that time, the house was to be sold and the proceeds divided equally. Or, Mr. McClellan could pay Ms. Spivey one-half of the appraised equity in the house. Ms. Spivey was to pay all monthly payments due on the property as long as she lived there.

At the expiration of two years, the house was not sold and Ms. Spivey continued to live there and make the monthly payments. In 1986, Ms. Spivey moved out and Mr. McClellan moved in. Mr. McClellan signed a lease requiring him to pay $250 per month rent to Ms. Spivey. When Mr. McClellan refused to pay rent, Ms. Spivey brought an action for past due rent and a declaration of rights to the property. The trial court decided that the parties could not modify the terms of the divorce decree without court approval. It held that Ms. Spivey's interest in the property was one-half of the value of the property as appraised on July 19, 1981, two years after the decree was entered. The court also decided that the lease was void because Ms. Spivey had no possessory interest in the property.

We conclude that the court erred. It is well settled that the procedure set out in OCGA § 19-6-18 through 19-6-27 is the "exclusive method by which the alimony provisions of a divorce decree may be revised and modified." *Holler v. Holler,* 257 Ga. 27 (354 SE2d 140) (1987), quoting *Fuller v. Squires,* 242 Ga. 475, 477 (249 SE2d 261) (1978). Property rights that are subject to modification by the court may not be modified by the parties without the approval of the court. *Meredith v. Meredith,* 238 Ga. 595 (234 SE2d 510) (1977). However, not all provisions in a divorce decree may be modified through the

statutory procedure. *Holler*, supra at 29. Fixed allocations of economic resources between spouses, those that are already vested or perfected, are not subject to modification by the court while terminable allocations are. Id.; see also *Rooks v. Rooks*, 252 Ga. 11, 17 (311 SE2d 169) (1984) (Weltner, J., concurring).[1] When modification under the statutory procedure is available, court approved modification must be sought; but, once property rights have become fixed or perfected and may not be modified by the court, the parties are free to contract with each other regarding that property. Such dealings between former spouses are governed by contract law rather than domestic relations law. See *McLure v. McLure*, 159 Ga. App. 18 (282 SE2d 674) (1981) (applying contract principles to an attempt to release one spouse from the obligation to pay lump-sum alimony).

In this case, either spouse could have petitioned the court during the two years following the divorce decree for a modification of the terms relating to the use of the house. But, on July 19, 1981, their interests in the marital residence became fixed or perfected and modification under the statutory procedure became unavailable. Although either party could employ the court to enforce the decree's sale provision, the decision not to enforce the sale does not affect either's property interest.

On July 19, 1981, each former spouse owned a one-half undivided interest in the house. Mr. McClellan also owned an option to purchase Ms. Spivey's interest in the house for one-half of the appraised value. At that time their property interests were "fixed," but they were not "frozen." The parties were free to contract with each other regarding the use, possession, or sale of the property. The lease agreement between them is therefore valid and enforceable.[2] And, barring some other enforceable agreement that is not referenced in this appeal, both parties still have an undivided one-half interest in the property.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 13, 1989.

*Broyles, Dunstan & Dunstan, J. Richard Dunstan,* for appellant.

---

[1] Terminable allocations are economic allocations to a spouse that must be paid or delivered in the future and either contain no time limitation or contain an express provision that it shall terminate on the death or remarriage of the receiving spouse. Such allocations generally include, *inter alia*, what is commonly termed "periodic alimony" and payments for support. See *Rooks v. Rooks*, supra at 17.

[2] The lease agreement is a written document that was signed by both parties. It is supported by consideration; and there is no indication in the record that either party was incapable of contracting or under duress at the time it was signed. Mr. McClellan contended that it was void only because it had not been approved by the court.