## S90A0572. ESTLUND v. ESTLUND.
### (391 SE2d 763)

SMITH, Presiding Justice.

We granted Mr. Estlund's application for discretionary appeal to consider "whether the award of the home to the wife is a form of alimony which would be subject to modification under OCGA § 19-6-19."

The trial court did not err in dismissing Mr. Estlund's complaint seeking modification of a divorce decree in which Mrs. Estlund was awarded title to the marital home until she remarried, sold the home, or died. The award of the house to the wife was an award of lump sum alimony and is not subject to modification. *Lyons v. Lyons*, 244 Ga. 619, 620 (261 SE2d 395) (1979).

*Judgment affirmed. All the Justices concur.*

WELTNER, Justice, concurring.

I agree with the result, but write separately to reiterate a familiar analysis.

1. The issue is "whether the award of the home to the wife is a form of alimony which would be subject to modification under OCGA § 19-6-19."

2. Pursuant to an agreement, the divorce decree provides in pertinent part:

> Defendant mother shall retain title to and have exclusive possession of the [marital home]. . . .
> If defendant shall remarry at any further time, said [home] shall be sold within 6 months after her remarriage to any person other than plaintiff, and the net proceeds resulting from said sale shall be divided equally between plaintiff and defendant. . . .
> If defendant elects for any reason whatsoever to sell [the home] at any future time, plaintiff and defendant shall each receive one half of the net equity resulting from closing of

said sale. . . .

If defendant dies prior to the death of the plaintiff, her sole title in fee simple shall vest in plaintiff *instanter*, upon her death. . . .

3. The husband relies upon the analysis contained in the concurring opinion in *Rooks v. Rooks*, 252 Ga. 11, 13-19 (311 SE2d 169) (1984), for the proposition that the award of this home is one terminable by operation of law because the beneficial use of the home is determined by the occurrence of specified events. The concurrence stated:

> In the careful analysis of our law, it becomes apparent that all allocations of economic resources between spouses are, by their very nature, either *fixed*, or *terminable*. Fixed allocations, being already perfected (or completed, or vested) are *not* subject to modification. Terminable allocations are allocations of existing or anticipated economic resources the right to receive which, or to continue to receive which, is terminable either *ex vi termini* the allocation itself, or by operation of law.

Id. at 17.

4. In *Spivey v. McClellan*, 259 Ga. 181 (378 SE2d 123) (1989), a unanimous court adopted the concept of "terminable allocations." We stated:

> Terminable allocations are economic allocations to a spouse that must be paid or delivered in the future and either contain no time limitation or contain an express provision that it shall terminate on the death or remarriage of the receiving spouse. Such allocations generally include, *inter alia*, what is commonly termed "periodic alimony" and payments for support.

Id. at 182, n. 1.

5. As the house is not an economic allocation that "must be paid or delivered in the future," it is not a terminable allocation under the analysis of *Rooks* and *Spivey*. The trial court was correct in its determination: "[T]he award of the residence to the wife was not a periodic payment of alimony which would support a modification action."

DECIDED MAY 31, 1990.

*Stephen P. Enloe*, for appellant.

*Chesnut & Livingston, Tom Pye,* for appellee.