S92A1043. McLENDON v. McLENDON.
(424 SE2d 283)

CLARKE, Chief Justice.
The parties were divorced in 1980. Their settlement agreement, which was incorporated into the final judgment of divorce, provided, in part, that former wife

shall have, for and during her natural life or until she remarries, a life estate in and to the homeplace with the residence thereupon, and two (2) acres of land that surrounds the same, and this Paragraph 5 of this agreement when approved by the Court in a Final Judgment and Decree for divorce between the parties, shall be an adjudication of the title to said land in [former wife] as herein set forth. . . .

In January 1991, former husband filed a petition for a downward modification of alimony, alleging a change in his financial circumstances, and additionally alleging that former wife was involved in a meretricious relationship within the meaning of OCGA § 19-6-19 (b). Following trial, the jury returned a verdict finding, inter alia, that wife's interest in the homeplace, as set out in paragraph 5 of the settlement agreement, should be terminated. The jury's verdict was made the judgment of the court.

We granted former wife's application to appeal to consider whether her interest in the homeplace is subject to termination under OCGA § 19-6-19 (b).

This Code section provides, in part,

Subsequent to a final judgment of divorce awarding periodic payment of alimony for the support of a spouse, the voluntary cohabitation of such former spouse with a third party in a meretricious relationship shall also be grounds to modify

provisions made for periodic payments of permanent alimony for the support of the former spouse. As used in this subsection, the word "cohabitation" means dwelling together continuously and openly in a meretricious relationship with a person of the opposite sex.

Because the trial was not transcribed in this case, nor a record made by the parties pursuant to the provisions of OCGA § 5-6-41 (f), we presume the correctness of the jury's finding that former wife was dwelling continuously and openly in a relationship similar to marriage with a person of the opposite sex.

The issue before us is whether the estate in the homeplace awarded to former wife is periodic alimony and therefore subject to modification under OCGA § 19-6-19 (b). As was the case in *Estlund v. Estlund*, 260 Ga. 225 (391 SE2d 763) (1990), former wife was awarded title in the house until she died or remarried. Because we held in *Estlund* that such an award is one of lump sum alimony not subject to modification, the judgment of the trial court is reversed.

*Judgment reversed. Hunt, P. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED JANUARY 8, 1993.

*Ralph L. Phillips,* for appellant.
*C. Truitt Martin, Jr.,* for appellee.