## A96A0220. COFFEY v. ALEMBIK et al.
### (471 SE2d 590)

McMurray, Presiding Judge.

In this legal malpractice case, plaintiff E. Anna Coffey seeks damages from defendant Judith M. Alembik and her law firm, Alembik & Alembik, for the untimely filing of a consent order modifying the terms of her divorce decree. Plaintiff appeals the grant of summary judgment in favor of defendants. *Held*:

Plaintiff was represented by defendants when she obtained a divorce in 1985. The final divorce decree entered at that time addressed the division of the assets of the marriage and provided for alimony for plaintiff which was to continue until her death or remarriage.

After the divorce, plaintiff's former husband became terminally ill. His condition was serious and declining during the fall of 1991 and he came to reside in the home of Hubler, a friend and co-worker, to whom he granted a general power of attorney for the purpose of winding up his financial affairs. Plaintiff's former husband expressed to Hubler his desire to provide for his family.

The former husband was a federal employee and Hubler met with appropriate officials to determine his options under the federal civil service retirement system. At this meeting on December 18, 1991, Hubler was advised that there could be difficulty in obtaining survivor benefits for plaintiff, as a divorced spouse, due to the absence of any reference to the issue of survivor benefits in the 1985 divorce decree. One alternative for resolving this problem was to obtain an amendment to the divorce decree and Hubler suggested this to plaintiff. Plaintiff then contacted defendants and requested that they undertake to amend the prior divorce decree to provide plaintiff with a survivor's annuity upon the death of the former husband.

While the original 1985 divorce decree was obtained in the Superior Court of DeKalb County, a "Complaint to Modify Final Judgment and Decree for Alimony and Other Relief" was filed in the Superior Court of Fulton County, the jurisdiction in which the former husband then resided. That complaint, which was sworn to by plaintiff, recites that because of a "substantial change," the prior judgment should be modified to provide that the former husband's civil service survivor benefits should be payable to plaintiff in the event of his death or retirement in lieu of the alimony set forth in the original final judgment and decree. A final consent order containing such a provision was entered on January 9, 1992, the day of the death of the former husband.

Subsequently, plaintiff's application for death benefits from the civil service retirement fund was disallowed due to federal regula-

tions which required that for purposes of awarding a former spouse annuity, a court order must be issued on a day prior to the date of retirement or death of the federal employee, or the first order terminating the marriage. Plaintiff maintains that the consent order should and could have been obtained earlier but for the negligence of defendants. In support of this proposition, plaintiff has presented evidence of the sequence of events from the initial request, that defendants obtain the amendment to the final divorce decree through the entry of the consent order on the date of the former husband's death.

Pretermitting the question of whether defendants were negligent, we hold that the grant of summary judgment to defendants was required because they could not have obtained a valid order modifying the divorce decree so as to grant to plaintiff a survivor's annuity. Such a judgment is not a revision of a judgment for alimony, but would be a modification of the provisions of the divorce decree for the equitable division of property which is not permissible. *Spivey v. McClellan*, 259 Ga. 181, 182 (378 SE2d 123); *Holler v. Holler*, 257 Ga. 27 (354 SE2d 140). See also *Courtney v. Courtney*, 256 Ga. 97 (344 SE2d 421); *White v. White*, 253 Ga. 267 (319 SE2d 447).

In reaching our holding in the case sub judice, we do not attempt to characterize the status of the consent order actually entered on January 9, 1992. The plaintiff's complaint does not seek damages for the entry of that order. It follows that plaintiff's argument under *Kennedy v. Redwine*, 59 Ga. 327, 329, on the issue of whether defendants are estopped from arguing that the consent order actually entered was void, is irrelevant to the issues presented by the case sub judice.

Instead, it is clear that any harm to plaintiff occurred because of what was not done, that is, use diligence so as to obtain a similar order at an earlier date. Consequently, we are not concerned with whether the order actually entered is void, but look to whether an order such as sought by plaintiff could have properly been entered. Since we have reached a negative conclusion on that issue, it follows that any negligent delay by defendants could not have harmed plaintiff.

*Judgment affirmed. Andrews and Ruffin, JJ., concur. Johnson, J., disqualified.*

DECIDED MAY 23, 1996 — 

*Jones, Copeland, Lefkowitz & Greer, Taylor W. Jones, Linda R. Greer*, for appellant.

*Shapiro, Fussell, Wedge, Smotherman & Martin, Robert B.*

*Wedge, Mary L. Hahn*, for appellees.