[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 8, 2005
THOMAS K. KAHN
CLERK

—————————

No. 04-12343

—————————

D. C. Docket No. 02-00067-CV-JTC-3

RICHARD CHARLES FONTAINE,

Plaintiff-Appellee,

versus

JOAN THOMAS GUTH,
f.k.a. Joan Thomas Fontaine,

Defendant- Cross-Defendant-
Appellant,

DELTA AIR LINES, INC.,

Defendant-Cross-Claimant-
Appellee,

LARRY H. EVANS,

Defendant.

Appeal from the United States District Court
for the Northern District of Georgia

**(March 8, 2005)**

Before DUBINA and FAY, Circuit Judges, and GOLDBERG[*], Judge.

PER CURIAM:

In this appeal, defendant-appellant Joan Thomas Guth (f. k. a. Joan Thomas

Fontaine) appeals from the district court's determination that the 1986 Qualified

Domestic Relations Order ("QDRO") governing the equitable division of marital

assets between defendant-appellant and plaintiff-appellee Richard Charles

Fontaine remains in effect. Defendant-appellant requests that the Court reverse

the district court's determination that the 1990 and 1991 QDROs, which were

mutual modifications of the original 1986 QDRO, are null and void.

Georgia domestic relations law makes clear that post-judgment modification

by a court of a divorce decree concerning the *equitable distribution of property* is

normally not permissible. *See, e.g.*, *Williams v. Williams*, 268 Ga. 126, 129, 485

S.E.2d 772, 775 (Ga. 1997) ("[A]n unexpected increase in the value of a risky

---

[*]Honorable Richard W. Goldberg, Judge, United States Court of International Trade,
sitting by designation.

asset is insufficient grounds to upset the policy disfavoring modification of fixed allocations of economic resources distributed in a property settlement."); *Spivey v. McClellan*, 259 Ga. 181, 181-82, 378 S.E.2d 123, 124 (Ga. 1989) ("Fixed allocations of economic resources between spouses, those that are already vested or perfected, are not subject to modification by the court while terminable allocations are."); *Coffey v. Alembik*, 221 Ga. App. 501, 502, 471 S.E.2d 590, 591 (Ga. Ct. App. 1996) ("[A] modification of the provisions of the divorce decree for the equitable division of property . . . is not permissible.").

Defendant-appellant nonetheless contends that the 1986 QDRO may be modified by a court because the parties thereto made a "mutual mistake" in drafting the terms of the court-approved settlement agreement. In support of this proposition, defendant-appellant cites Georgia Supreme Court decisions which permitted post-judgment modifications of divorce settlements in the limited contexts of *alimony* and *child support*. *See Douglas v. Cook*, 266 Ga. 644, 645, 469 S.E.2d 656, 657 (Ga. 1996); *Smith v. Smith*, 230 Ga. 238, 240, 196 S.E.2d 437, 439 (Ga. 1973); *see also* O.C.G.A. § 19-6-19 (modification of child support and alimony awards specifically allowed by statute). Because this case involves the equitable distribution of property and *not* alimony or child support, the Court declines to adopt defendant-appellant's fractured interpretation of Georgia law.

3

Defendant-appellant also contends that the 1986 QDRO may be modified by a court in order to correct a clerical or scrivener's error therein. Defendant-appellant is correct that Georgia law gives courts the authority to correct clerical mistakes or other similar *non-substantive* errors arising from oversight or omission in judgments, orders and other parts of the record. O.C.G.A. § 9-11-60(g). Upon a close examination of the record, however, the Court has uncovered no evidence of such an error.

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we affirm the judgment of the district court filed on October 6, 2003.

**AFFIRMED.**